1807.

# EBERT *against* WOOD.

## IN ERROR.

A parol partition between tenants in common, made by marking a line of division on the ground, and followed by a corresponding separate possession, is good, notwithstanding the Act for the prevention of frauds and perjuries.

THIS was a writ of error to the Common Pleas of *Fayette* county. *Wood* the plaintiff below, brought an action of partition against *Ebert*, to which he pleaded *non tenent insimul*. At the trial of the cause, *Wood* gave in evidence a deed from a certain *John Lea* to himself for an undivided moiety of the premises in the declaration, and another deed from the same *Lea* to the defendant for the other undivided moiety. The defendant then offered parol evidence to shew that *Wood* and himself, before the institution of the suit, had agreed to make partition, and that accordingly they met upon the ground, and with the assistance of a surveyor mutually employed by them, they ran and distinctly marked a line of partition, and actually made division of the land by each taking possession of the part allotted to him by the other, which had been so held in severalty ever since. This evidence was overruled by the court, and a bill of exceptions sealed, upon which the case was now argued.

*Addison* for the plaintiff in error contended that the evidence should have been admitted, because 1. partition by parol between tenants in common was good at common law; and 2dly since the statute of frauds it was equally good if followed by a correspondent possession.

1. *Littleton* is express that partition between parceners may be made as well by parol without deed, as by deed; and the same law is laid down by Sir *Edward Coke* of tenants in common, if they execute the same in severalty by livery; *Litt. sec.* 250. *Co. Litt.* 169. *a.*; and in *Docton* v. *Priest* (*a*) it was held that a partition between tenants in common is good without deed, if *made upon the land,* for this amounts to a livery in law. This is exactly our case.

2. A parol agreement concerning lands, partly executed, is good in equity, 1 *Fonbl.* 164. *ch.* 3. *sec.* 8.; for this is not within the statute of frauds, as the evidence of the bargain does not lie merely upon the words, but upon the fact performed. 1 *Pow. Cont.* 300. *Earl of Aylesford's case.* (*b*) So where

---

(*a*) *Cro. Eliz.* 95            (*b*) 2 *Stra.* 783.

the agreement is *confessed* without being executed in part. 1 Pow. Cont. 292, 3. *Whitchurch* v. *Bevis* (a), *Attorney Gen.* v. *Day* (b), *Potter* v. *Potter* (c), *Collington* v. *Fletcher* (d). And in the case of a parol partition and a long possession in conformity with the agreement, equity will not suffer even the equality of the partition to be controverted, but will order conveyances according to the partition. *Ireland* v. *Rittle.* (e) In all these cases the statute is considered with reference to its object, which is to prevent frauds and perjuries; so that an agreement in which there is no danger of either, Chancery has always held to be out of the statute. Our act of Assembly, which in the particular now in question copies the *English* statute, is to be taken with the *English* decisions, as equity is a part of our law.

*Ross* for the defendant in error answered, that if the cases were examined, it would be found that a parol partition by tenants in common was not good at common law; and that it was explicitly so stated by Sir *W. Blackstone*, who says that " by the " common law, coparceners being compellable to make parti- " tion, might have made it by parol only; but joint tenants and " tenants in common must have done it by deed, and in both " cases the conveyance must have been perfected by livery of " seisin." 2 *Bl. Comm.* 324. 4 *Com. Dig.* 311. The statute of frauds has however abolished the distinction, and made a deed necessary in all cases.

Mr. *Ross* was then about to argue that the equity decisions in *England* could not be of any authority here, because we had no Court of Chancery; and when the act of 21 *March* 1772 for the prevention of frauds and perjuries was passed, it was known to the legislature that we had no Court of Chancery. But upon the Court's intimating to him that it had been the settled practice of the Supreme Court to proceed upon equity principles, he relinquished that point.

He then said that it was not clearly settled what part performance was sufficient in equity; but it must certainly be such as

(a) 2 *Brown. Ch.* 559.
(b) 1 *Vez.* 220.
(c) *Ib.* 441.

(d) 2 *Atk.* 155.
(e) 1 *Atk.* 541.

1807.

Ebert
v.
Wood.

necessarily prevented fraud, which was not the case here, because a separate possession of different moieties might be had in point of fact by tenants in common, without a complete severance of their title. At all events the partition should have been specially pleaded, and the possession under it should have been averred. In Chancery the part performance must be alleged in the bill, or the statute will bar.

TILGHMAN C. J. delivered the opinion of the court.

The defendant in error brought an action of partition against the plaintiff in error, who pleaded *non tenent insimul*, and thereupon issue was joined. On the trial of the issue, *Ebert* offered to give evidence of a parol partition having been made by lines run and marked on the ground, and of possession having been taken by each party respectively according to this partition, and the part allotted to each having been held in severalty from the time of the partition to the time of bringing the action. This evidence was overruled by the court, upon which a bill of exceptions was taken, and whether the evidence was properly rejected is the question now to be decided.

The defendant in error contends that the evidence ought not to have been admitted, 1st, because the partition was made by parol; 2d, because if it had been in writing it was not admissible on the issue joined, but ought to have been specially pleaded.

The first objection is founded on the act of Assembly of 21st *March* 1772, by which a writing is made necessary for the passing of any estate or interest in lands. This act of Assembly, so far as respects the point under consideration, is in substance the same as the *English* statute of frauds and perjuries; in the construction of which it has been determined that specific execution of a parol agreement shall be decreed in equity, where the agreement has been carried into effect in part only. This determination was founded on two principles: 1st, that where the parties have acted upon their agreement, there is no danger of perjury in proving it; and 2d, because it is against equity that a man should refuse to perfect an agreement, from which he had derived benefit by an execution in part. Whether the courts of Chancery have gone further than they ought, in thus indirectly giving efficacy to a parol agreement concerning land, we do not think ourselves at liberty now to inquire; because the princi-

1807.

Ebert

v.

Wood.

ples I have mentioned have been adopted by this court, and long considered as the law of the land; and to question them now, would shake many titles acquired under their authority. We therefore think ourselves bound to say that the evidence offered by *Ebert* ought to have been received, unless it was improper because not applicable to the issue joined; which is the second point for consideration.

The plaintiff below declared that he and the defendant held the land *together* and undivided; the defendant pleaded that they did not hold it *together;* and this was the point of the issue. Now what was the evidence offered by the defendant? Why that he and the plaintiff had made partition, which was in direct affirmance of his plea, that they did not hold together; because if they held in severalty, they could not hold together. The court are of opinion therefore, that the evidence offered by the defendant below ought to have been received, and that the judgment of the court of *Fayette* county was erroneous, and must be reversed.

Judgment reversed.