Brevaed, J.
This was an action of trespass, to try the titles fo, and recover the possession of, fifty acres oí land, being a moiety. Of a tract of one hundred acres, originally granted to Anthony Stacks. The plaintiff must recover in this action upon the strength of his own title, and not upon the weakness of his adversary’s title. The evidence of the plaintiff’s title was shortly this: 1. A conveyance to himself from David Honald, the son of Marks Honald, by his wife, one of the daughters of Anthony Stacks, the grantee. 2. Proof that Anthony Stacks, by his last will and testament, devised the whole tract of one hundred acres to his widow and three children, in joint tenancy, and that his widow, and one of his children, died many years ago, leaving his two daughters, namely, Mrs. Honald, the mother of David, under whom the plaintiff claims, and the wife of John Sistrunk, surviving joint tenants. 3. Evidence, that Marks Honald, and his wife, who died in the year 1786, for some time before her death, was in possession of the fifty acres in dispute ; and that Marks Honald continued in possession thereof until his death in the year 1795, leaving his son David, and his widow, a second wife, in possession. This widow is the defendant in the action. The other moiety of the tract of one hundred acres of land, Was claimed by' the plaintiff, under a deed of conveyance, bearing date in 179S, from John Sistrunk to John Weanwright, and another deed of conveyance from Weanwright to the plaintiff, dated in 1805. The deed of John Sistrunk, in which his wife is joined, but without any renunciation of her inheritance, according to our statute law, in describing the land conveyed, states that it is bounded on the upper side by part of the said tract, held by the heirs of Marks Honald, deceased.
*98 It was contended for the plaintiff,* first, that upon the death of Mrs. Honald, daughter of the grantee, in 1786, the estate in ques-Ron did not vest solely in Mrs. Sistrunk, by survivorship ; because? ¡t was insjsted, the act of assembly of 1748, P. L. 217, 218, takes away the right of survivorship in estates held in joint tenancy ; and secondly, that the evidence given in the case was sufficient to prove a severance of the joint estate prior to the death of Mrs. Ilonaíd: and that the plaintiff having shewn sufficient legal titles to the whole tract of one hundred acres, ought to have possession thereof. The verdict was for the defendant. My opinion is, that the verdict ought to stand.
The act of 1748, only provides an easier mode for obtaining partition of joint estates, and does not change the nature, or take away any of the constituent properties of such estates.
The jus accrescendi, or right of survivorship, was abolished by the Primogeniture Act, as it is called, which passed in February, 1791, and not before. This act is a legislative declaration, as to what the law on the subject was prior to that time. ' Upon the death of Mrs. Honald, in 1786, the whole estate vested in her sister, Mrs. Sistrunk, unless the joint tenancy was .severed before that event.
If there was clear proof, or even weighty evidence, to induce a belief that there was a severance of the joint tenancy, by an agree, ment binding in law, between the joint tenants, prior to Mrs. Ho-nald’s death, or that there was a lawful bargain and sale of Mrs. Sistrunk’s moiety, which would operate a severance, my opinion would be different.
A parol agreement and partition was good at common law. Co. Litt. 165, 171. And notwithstanding the statute of frauds, may, perhaps, still be considered valid,, if the line of partition, on the ground, be sufficiently marked, and manifested by a correspondent separate and distinct possession, for a sufficient length of time. 1 Binn. 216. Litt. Sect. 250.
The evidence in this case was, by no means sufficient, in my opinion, to warrant the jury in presuming a legal and valid parti, tion, even by parol.
There was no evidence of any agreement to divide. The joint tenants were both married women, and would not be bound by any agreement made by their husbands, unless their consent was obtained agreeably to law. The evidence of a separate and distinct possession was too vague and slight, to afford any solid ground for a legal presumption in favor of a partition. The argument drawn from the deed of John Sistrunk, in describing the land by him con *99 veyed to John Wainwright, as “ bounded by pari of the said tract, held by the heirs of Marks Honald, deceased,” has no weight. It cannot uphold a presumption which has nothing to stand upon. It cannot, by intendment and implication, divest Mrs. Sistrunk of her inheritance,- which, from any thing that appears to the contrary, she never has legally consented to part with, either in whole, or in part. The deed cannot estop her, even if it was more explicit than it is.
New trial refused by the court.