JONES *against* PETERMAN and another.

*Philadelphia.*

CASE STATED.

*Monday,*
December 29.

This cause, which was an ejectment, was submitted to the Court on a case stated.

Possession had before a parol agreement of lease for seven years, and continued afterwards, is of too doubtful a nature, to be considered as part peformance, and to take the case out of the act for prevention of frauds and perjuries.

A certain *Jeremiah Hornketh*, the younger, was entitled to the land in dispute, as administrator of his deceased father, *Jeremiah Hornketh*, under a lease to the latter, dated the 28th *November*, 1812, for the term of seven years. In 1813, *Jeremiah Hornketh*, the younger, made a *verbal* agreement with one *Jacob Perkins*, to demise to him this land, (which was part of a large parcel of land demised to *Jeremiah Hornketh*, deceased, by *W. Hamilton*, deceased, for the term of seven years,) for the residue of the said term of seven years. This verbal agreement was to have been reduced to writing, but was not. *Perkins* was in possession of the premises, at the time of making the verbal agreement, and before, by virtue of some agreement with *Jeremiah Hornketh*, jun. or his father, and continued in possession

1817.

JONES
*v.*
PETERMAN
and another.

until he assigned to the defendants. The plaintiffs claimed under a written assignment of *William Hamilton's* lease, made by the said *Jeremiah Hornketh*, jun. dated the 22d *July*, 1814. Whether under these circumstances, the parol demise, under which the defendants claimed, was good, was the question.

*Binney*, for the plaintiff. By the act for the prevention of frauds and perjuries, passed 21st *March*, 1772, 1 *Sm. Laws*, 389, all leases, estates, interests of freehold, or terms for years, of, in, or out of any lands, &c. made by parol, and not put in writing, and signed, shall have the force and effect of leases at will only, and shall not, in law or equity, be taken to have any other or greater force and effect, leases not exceeding the term of three years excepted ; and assignments thereof must be made in the same way. In the present case, the verbal lease to *Perkins*, for the residue of the seven years, constituted him only tenant at will, which estate was determined by his own assignment, as well as by the assignment of his lessor. 2 *Bl. Com.* 145, 146. This must be the result, unless, upon equitable principles, the defendants should be considered as entitled. But the mere taking possession without other circumstances, (except the payment of rent, which is incident to all leases,) does not make such a part performance, as to render the verbal agreement binding on equitable principles. Most judges have regretted that equitable constructions have been permitted, in opposition to the plain words of the statute. And the Chief Justice of this Court, has intimated on more than one occasion, the same sentiments. 1 *Binn.* 216. 378. Of late, the leaning of the Judges in *England*, is to restrain the principles which let in parol evidence ; and the bare payment of purchase money, seems not to be considered there, in late decisions, as vesting a right. No adjudged case, in *Pennsylvania*, has established an equity, unless the money has been paid, and the possession delivered. The erection of buildings has been considered an important feature. Mere possession under a lease is not material ; because it is incident to all leases. In *Seagood* v. *Meale*,(a) a promise by parol to sell lands, was held not binding, though the purchaser paid a guinea in part ;

(a) *Prec. in Ch.* 560.

and it is also said, that if A, promises to make a lease to B, accompanied with possession, yet this is not binding, unless B, has made improvements. In that case, performance will be decreed. *Smith* v. *Turner*,(a) *Savage* v. *Foster*,(b) *Floyd* v. *Buckland*.(c) In *Hollis* v. *Edwards*,(d) A, having a promise of a lease of houses from B, laid out money in improvements. The Lord Chancellor sent the case to a Court of law to have it tried, whether the plaintiff had suffered damage; and said, when that was done, he would consider what decree to make. He also cited *Pike* v. *Williams*.(e)

*J. R. Ingersoll*, contra. The principle is too well settled now to be shaken, that a part performance takes the case out of the statute. There is no reason why a lessee or assignee of a lease, should not have the benefit of this principle, as well as a contractor for a larger interest. Though other circumstances may be important, possession is the most so; because it gives notice to the world. In the Earl of *Aylesford's* case,(f) there was a parol agreement for a lease, for 21 years; the lessee entered and held six years. On a bill filed by the lessor, the defendant pleaded the statute of frauds; but it was overruled, the agreement being in part carried into execution. So, in various cases, the doctrine is settled, that giving possession, is considered as an act of part performance, 1 *Fonb.* 165. 175; and that although no money is expended. *Pow. on Cont.* 299. 1 *Binn.* 216. *Sugd. on Vend.* 73. 1 *Com. Cont.* 47. 1 *Dall.* 427.

TILGHMAN C. J. The defendants have gone to no expense, in erecting buildings, or making improvements on the premises, but rely on the circumstance of possession, to take their case out of the act for the prevention of frauds and perjuries. This, they say, is a performance of the contract *in part*, and, therefore, within the principle of cases which have been adjudged by this Court. That *a performance in part*, takes the case out of the act, has certainly been decided; although it has not been settled, that *every performance in part*, will be sufficient. Payment of a considerable part of the purchase money, is very different from payment of a

(a) *Eq. Ca. Ab.* 49.
(b) 9 *Mod.* 37.
(c) 2 *Freem.* 268.

(d) 1 *Vern.* 159.
(e) 2 *Vern.* 455.
(f) 2 *Str.* 783.

VOL. III.—3 Z

shilling by way of earnest. Such a payment of mere earnest money, would not be regarded ; but yet, it might be said to be *part performancc.* We have considered the delivery of possession, as a strong circumstance. In *Ebert* v. *Wood,* 1 *Binn.* 216, the contract was held good *upon possession alone.* There, however, the delivery of possession, was mutual, upon a parol partition between tenants in common. In *Syler's lessee* v. *Eckhart,* a parol gift by father to son, with possession delivered, and improvements made by the son, was held valid. 1 *Binn.* 378. But, in order to give weight to the circumstance of possession, it must be a possession delivered *in pursuance of the parol agreement set up,* a possession, which cannot be accounted for, but by supposing the agreement to have been made. Possession delivered upon a lease for more than three years, is not so strong, as possession delivered upon a contract *to sell;* because possession is incident to every lease, although but for a year, or even at will, and the object of the act of assembly seems to have been, to reduce all parol leases for more than three years, to leases at will, *although possession was delivered.* I will not say, however, that according to adjudged cases, a parol lease for more than three years, may not be taken out of the act, by delivery of possession, if the agreement be clearly proved. If attended with improvements by the lessee, it certainly would be established. If strengthened by no circumstance, but the bare possession, for a short time, I decline giving any opinion, because it is not the case before us. I have said, that to give weight to the bare possession, it must be a possession delivered in consequence of the agreement. Possession had before the agreement, and continued after it, is of too doubtful a nature to be considered as proof of part performance. A lessee who continues in possession after the expiration of his lease, may be supposed to retain the possession, by permission of the landlord, on the terms of the old lease. It would not be sufficient evidence of part performance of an agreement to *purchase* the land, or of a *new lease,* for more than a year. This distinction between possession *before* and *after* the agreement, is taken, in 1 *Fonbl.* 175. In the case of *Gunter* v. *Halsey, Amb.* 586, it is said, that the acts done in part performance, must be such as could be done *with no other view, than in performance of the agreement.* The same principle is affirmed by Lord HARD-

WICKE, in *Lacon* v. *Mertins*, 3 *Atk.* 4. I confess, I am not for extending the law in favour of parol agreements, though I hold myself bound by the decisions heretofore made, because property has been acquired on the faith of them. In the present case, it is stated, that *Perkins*, under whom the defendants claim, was in possession *prior to the agreement now sought to be established.* Possession, therefore, was not delivered in pursuance of the agreement, and is not to be considered as part performance. Had *Hornketh*, or the defendants, made improvements, or incurred considerable expenses, on the faith of the agreement, that, together with the possession, would have been sufficient, because it would have been *fraudulent* for the lessor, under such circumstances, to avoid the lease. But the case stands upon the naked fact of possession. I am of opinion, that to establish such a contract, would be going farther than can be gone, and farther than can be justified. Judgment, therefore, should be entered for the plaintiff.

<div style="text-align: right">1817.

JONES
*v.*
PETERMAN
and another.</div>

GIBSON J. The first three sections of the *English* statute frauds, correspond, almost word for word, with the first section of our act of assembly on the same subject. In giving a construction to the latter, I feel myself bound by the authority of *English* decisions antecedent to our revolution. That authority has been constantly recognised in our Courts, and is not now to be questioned. Delivery of possession in pursuance of a parol contract for an interest in land has uniformly been considered such a performance as to take the case out of the statute. *Butcher* v. *Stapely & Butcher*, 1 *Vern.* 363. *Pike* v. *Williams*, 2 *Vern.* 455. *Lockey* v. *Lockey, Prec. in Ch.* 518. *Lacon* v. *Mertins*, 3 *Atk.* 4. The *Earl of Aylesford*'s case, 2 *Str.* 783, and *Ebert* v. *Wood*, 1 *Binn.* 216. No *English* decision, since the *American* revolution, has shaken the authority of these cases; but if any such did exist, not being authority here, it would have no effect on my opinion, believing as I do, that a rigid enforcement of the act would, in most cases, prove a protection to, rather than a prevention of, fraud; and it ought not to be forgotten the statute was made for the prevention of frauds as well as perjuries. Lord *Aylesford*'s was a case of naked possession, in pursuance of the contract, and is full to the point. There was a parol agreement for a lease of twenty-one years, upon

which the lessee entered and enjoyed for six years, and then the earl brought a bill to oblige him to execute a counterpart for the residue of the term. The lessee pleaded the statute of frauds, which was over-ruled, the agreement being in part executed. So in *Ebert* v. *Wood*, partition by parol between tenants in common, accompanied with separate possession of the purparts, was held good. The case of *Seagood* v. *Meale & Leonard, Prec. in Ch.* 560, cited in opposition to these authorities, was decided on a different ground; and *Smith* v. *Turner*, therein cited, does not support the position of the Master of the Rolls, that a promise of a lease, accompanied with possession, is within the statute. That was the case of a lessee by parol who agreed to take a lease for a term of years certain, and *continued* in possession on the credit thereof; there being no writing to make out this agreement, it was held directly within the statute. This statement of the case by the Master of the Rolls is obscure as to the particulars. But I take it to have been the case of a tenant already in possession at the time of the agreement; and it is fully settled, that a bare holding over is not a possession under a new agreement to take a case out of the statute. Retaining possession after the expiration of a lease, is an act ambiguous in its nature, and does not necessarily refer to any agreement. But where there has been a change of the possession at the time of, or subsequent to, the agreement, it is different. It is contended by the counsel for the plaintiff, that the act itself relied on as part performance must indicate, that a written lease was in the contemplation of the parties, and, that possession alone is too equivocal for that purpose, for it may be that nothing more than a lease for years was intended, which would be good by parol. But to this it may be answered, it is not true that the act relied on as part performance must indicate the nature and extent of the contract. It is sufficient if in its nature it imply *some* agreement, 1 *Fonbl.* 185, (*in notis.*) Where there has been an execution of some agreement between the parties, parol evidence will be admitted to explain it. *Ibid.* If the defendants, therefore, or he under whom they claim, had come into possession in pursuance of the parol contract, they would have had a good case; but it distinctly appears from the case stated, that *Perkins*, the assignee of *Hornketh*, was in under a prior lease, and continued so after the agreement of lease in ques-

tion. The judgment, therefore, must be for the plaintiff. The question, whether delivery of possession only be a sufficient part execution of the contract, does not directly arise here. But, as it seems to be doubted by the bar, whether other circumstances, such as payment of purchase money, improvements, &c. be not also necessary ; I have given that question a full consideration, and am clearly of opinion, they are not, but that possession alone, in pursuance of the contract, is sufficient to take the case out of the statute.

DUNCAN J. gave no opinion, not having heard the argument.

Judgment for the plaintiff.