## Johnston *against* Johnston.

The specific execution of a parol agreement of exchange of land will be decreed in equity, when it has been executed in whole or in part.

ERROR to the common pleas of *Allegheny* county.

Andrew Johnston against William Johnston. This was an action of ejectment for one hundred and two acres of land. The original title to the land had been in the plaintiff. This was shown.

William Johnston, the father of the plaintiff and defendant, died in 1812, seised of a tract of land, leaving a widow, Margaret, and issue, Andrew, William, James, Joseph and Rolly Johnston. Joseph and James, took the estate of their father by a decree of the orphans' court, at the valuation. Share of each heir 292 dollars, exclusive of the widow's dower. In 1822 and 1824, James and Joseph conveyed their estate to Andrew, the plaintiff.

The defendant's counsel then made a written offer of testimony, as follows: " Defendant offers in evidence, a paper purporting to be a copy of a lease from Andrew Johnston, to James, William and Margaret Johnson, (James Burns having proved that he copied the same from the original, and that the original was signed by the parties.)  In connection with this paper, which was admitted to be a copy, and that the original had been lost, the defendant offered to prove, that James William and Margaret Johnston, entered on the premises mentioned in said lease, and occupied the same, until the spring of 1828, that Andrew Johnston, having sold or agreed to sell, about one half of said demised premises to one Dunlap, proposed and offered to William and Margaret Johnston, that if they would leave the demised premises, and remove to the land in dispute, they should hold the same, on the terms stated in said lease; or after the expiration of one year, said Andrew would restore them to that part of the premises mentioned in the lease, being about one hundred and eight acres on which they then lived; that William and Margaret Johnston agreed to the terms proposed, and removed to the land in dispute, and have occupied the same ever since. During which period, said Margaret has not received her annuity or dower charged on the land of William Johnston, de-

[Johnston v. Johnston.]

ceased, and that plaintiff has not offered to restore to defendant the possession of the premises mentioned in the lease, or any part thereof." To which testimony, plaintiff's counsel objected, and the same was overruled, and at the instance of defendant, a bill of exceptions sealed.

Copy of lease.

" Memorandum of an agreement between Andrew Johnston of the one part, and Margaret Johnston, James Johnston and William Johnston of the other part, witnesseth; the said Andrew Johnston, doth agree to lease all his right, interest and claim, in the estate of William Johnston, deceased, to the above-named firm, during the life of Margaret Johnston, for the sum of fifty dollars annually, to commence on the 1st of April, A. D. 1824. And it is further agreed, that, at the expiration of said time, if the said firm should pay the said Andrew Johnston, the sum of 1026 dollars, he, the said Andrew, doth agree to convey all his right, interest and claim of the said estate, to the said firm or the survivors of them. And it is further agreed, that this is a final settlement of all debts and demands that have heretofore existed between said Andrew and the above-named firm. In testimony of the above being the true intent and meaning of our agreement, we have hereunto set our hands, this 31st of January, A. D. 1824."

Error assigned.

1. The court erred in rejecting the evidence offered by defendant below.

*Forward*, for plaintiff in error, contended that this was the common case of a parol agreement for the sale of land partly executed, and not within the statute of frauds and perjuries. 1 *Binn.* 216.

*Livingston* and *Mahon*, contra, cited 14 *Serg. & Rawle* 354; 1 *Watts.* 392; 3 *Vez. Jun.* 712; 3 *Watts* 253, 129; 5 *Watts* 149; 2 *Whart. Rep.* 387; 15 *Johns. Rep.* 503.

The opinion of the Court was delivered by

Rogers, J.—By the original lease of the 31st of January 1824, the lessees became entitled to a freehold, during the life of Margaret Johnston, subject to an annual rent of 50 dollars. And it was further agreed, that if, at the expiration of that time, they should pay the lessor 1000 dollars, he agrees to convey all his interest in the premises to the lessees, or the survivors of them. The lessees entered and occupied the property until the spring of 1828; and at that time, Andrew, the lessor, having sold, or having agreed to sell, one half of the land, proposed, that if William and Margaret Johnston would leave the demised premises, and remove to the land in dispute, they should hold the same, on the terms stated in the lease; or that, after the expiration of one year, he would restore them to the possession of one hundred and eight acres of the premises, on

which they then lived. The terms were accepted, and William and Margaret Johnston, removed to the land in dispute, and continued to reside there ever since. The ejectment is brought on the ground of the act of assembly of the 21st of March 1772, by which a writing is made necessary for the passing of any estate or interest in land. It is undoubtedly true, that an agreement for the exchange of land is within the statute of frauds, and must be in writing. 15 *Johns. Rep.* 503; *Price* v. *Peel, Co. Lit.* 447. But the specific execution of a parol agreement for an exchange, will be decreed in equity, when the agreement has been carried into effect, in whole or in part. Although I do not find this point expressly adjudicated, yet it comes within the spirit of decisions, which have been made in this state. A partition is in some respects analogous to an exchange, and in Ebert *v.* Wood, 1 *Binn.* 216, it is held, that a parol partition between tenants in common, made by marking a line of division on the ground, and followed by a corresponding separate possession, is good, notwithstanding the act for the prevention of frauds and perjuries. But whether this be technically an exchange, (the word exchange not having been used by the parties,) or the surrender of the original lease be viewed as the consideration for the interest acquired on the premises in dispute, the effect will be the same. If the consideration had been the payment of a sum of money, or any article of value whatever, the performance of the contract would have relieved the case from the objection that the agreement was by parol. And in what respect there is any distinction between the cases is not very apparent. The lessees have surrendered their interest in the one tract for an equal interest in the tract in question. The construction which has been given to the act, is founded on two principles; first, that where the parties have acted on their agreement, there is no danger of perjury in proving it; and secondly, because it is against equity that a man should refuse to perfect an agreement, from which he had derived benefit, by an execution in part. In the case at bar, the parties have acted on their agreement and it would be against equity to permit the plaintiff to recover. It would be impossible for him, (if he wished,) to replace the defendants in the same situation as before the contract. The lessees were in the possession of the whole tract, under the original lease, and part of this, about one half, has been sold to Dunlap. By the agreement for an exchange, the lessees were to have their choice, either to remain where they are, or to return and occupy one hundred and eight acres of the original tract. They elect to remain. And even if the right of election was in the lessor, it does not appear, that he offered to restore them to the possession of that part of the tract. We are of the opinion, therefore, that the court erred in rejecting the evidence, and that the judgment should be reversed.

Judgment reversed, and a *venire de novo* awarded.