Scott, J.
The assignment of errors in this case presents two-questions.
1. Where a question has once been tried and adjudicated by a court of competent jurisdiction, can the same question be-again litigated between the same parties ?
2. Does part performance of a parol contract of lease for more than one year, and less than three years, take such contract out. of the statute of frauds ?
As to the first of these questions, the authorities are quite uniform in giving a negative answer. The principle is thus stated in-Broom’s Legal Maxims, *243 : “We may remark, in the words of Lord Kenyon, that ‘ if an action be brought, and the merits of the question be discussed between the partios, and a final judgment obtained by either, the parties are concluded, and can not canvass the same question again in another action, although perhaps some objection or argument might have been urged upon the first trial which would have le4 to a different judgment.’ In such a case, the *146 matter in dispute having passed in rem judicatam, the former decision is conclusive between the parties, if either attempts, by commencing another action, to reopen the question.” 7 Term,456.
The counsel for plaintiff' in error do not deny that such is the rule, for they say: “We readily accede to the general doctrine, *that where a question has once been litigated in a court having jurisdiction of the parties and the subject-matter, it can not again be called in question in another suit between the same parties.” Now, if the correctness of this doctrine be admitted, the court of common pleas properly overruled the demurrer to the reply of the plaintiff, below. For that demurrer admitted that there had been a former suit between the same parties, upon the same contract of lease, in which it became a material question, whether the contract between the parties was for a leasing of the premises till the 1st day of April, 1855, as claimed by the plaintiff below, or till the 1st of April, 1854, as claimed by defendant below; that this •question was determined adversely to the claim of the plaintiff in -error, and final judgment was rendered against him in said suit, for the rent of the premises, until May 12, 1854. But if this same •question as to the duration of the term, after having been once settled between the parties, by the final judgment of a competent •court, may be reopened and reinvestigated, as often as*a further suit may bo instituted for monthly installments of rent, it would be diffi•cult to comprehend the meaning and operation of the rule, which ■counsel admit to be correct.
A similar question arose in the case of Gardner v. Buckall, 3 Cowen, 120. In that case, two promissory notes had been given In purchase of a vessel which proved tobe unseawortby, and the purchaser refused to pay the notes on the ground of fraud. One ■of the notes was sued on in the marine court of the city of New York, and the defense of fraud beiDg interposed, the plaintiff, ■upon the trial of that issue, failed in his action. The plaintiff then brought an action on the other note, in the court of common joleas; .and, on the trial of this action, the defendant offered in evidence, in bar of the suit, the record and judgment in his favor on the other note. The question thus made was taken to the Supreme ■Court of that state, where it was decided in favor of the defendant below. The court say : “ It appears clearly that the question of fraud was,tried between the parties, in the marine court, on one of ;4he notes given in part payment of the vessel. That court had con *147 current jurisdiction. The question is, whether the judgment thus obtained is not a conclusive bar to a recovery *in this cause ? The law is well settled, that the judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea in bar, or evidence, conclusive between the same parties, upon the same matter directly in question in another court. This was the rule laid down by De Grey, chief justice, in delivering judgment in the Duchess of Kingston’s case. 11 State Tri. 261; 1 Phil. Ev. 223; 1 Pet. 202, Cir. Ct. U. S. I am not aware that it has been departed from by our courts.”
But it is claimed that the case of Shepherd v. Willis, 19 Ohio, 142, virtually settles the principle, that such former judgment is not, in this state, conclusive, but only prima facie evidence.
That was an action on the case for a nuisance; and the court held that the record of a former judgment in favor of the plaintiff, in a prior suit between the same parties for the same nuisance, was not conclusive of the plaintiff’s right to a second recovery. But the language and reasoning of the court applies only to that class of cases.
A nuisance may have existed when the first action was brought, but its continuance at the time stated in the second action, would not necessarily follow. The question in the second action was not the same as that which had previously been passed upon.
Upon principle, well settled by uniform authority, we conclude, therefore, that there was no error in overruling the demurrer of the present plaintiff.
We proceed, then, to the consideration of the second question. Was the contract, upon which the plaintiff in the court below brought suit, void by the statute of frauds ? Or, being a parol contract of lease for more than one year, and less than three, would it be taken out of the statute of frauds by part performance ?
The statute provides “ that no action shall be brought whereby to charge . . . any person . . . upon any contract or sale of lands, tenements, or hereditaments, or any interest in or concern-, ing of them; or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some ^memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person by him or her lawfully authorized.” ■ Swan’s Stat. 435. The preceding sec *148 tion of the same statute also provides “ that no leases, estates, or interests,” etc., “ shall at any time hereafter be assigned or granted, unless it be by deed or note in writing signed by the party,” etc.
The plaintiff in error claims that the contract in this case being by parol, was void, first, because it was for an interest in lands, and secondly, because it could not be performed within a year.
It is admitted that the contract was not in writing; the term is shown by the former recovery to have commenced December 12, 1853, and extended till April 1, 1855 (more than one year) ; it is-admitted that the lessee went into possession of the leased premises, under the lease, and enjoyed them for several months, paying rent, according to the contract, as the installments fell due.
Under these circumstances, had the leáse been only for one year,, would it still have been void under the clause of the statute relating to leases and interests in lands ?
If void as to one party, it must have been equally so as to the other. If it would have bound the lessor so that he could not at pleasure eject the tenant, it must also have bound the lessee for the payment of rent. We suppose it to be no longer questionable in this state, that a parol lease for one year, where the tenant is put in possession, is valid, notwithstanding the terms of the statute.
In Wilber v. Paine, 1 Ohio, 251, where a parol contract was made to clear and fence a lot of ground, the party so clearing and fencing to have the privilege of raising a crop of corn on the premises, the landlord entered and gathered the crop. The assignee of the tenant brought trespass, and a question was made as to whether the contract was within the statute of frauds. The court held that it was taken out of the statute by the part performance. They say: “ It has been frequently held on the circuit, that the delivery of possession on a parol agreement was sufficient to take it out of the statute, and we see no reason to reverse the rule, or to- reject the principle upon which it is founded. *When the existence of a contract is evidenced- by a change of possession which must result from the joint act of the parties, the mischief intended to be remedied by. the statute is scarcely to be apprehended. The fact, as far as it goes, is- as satisfactory evidence of the existence of a contract as a memorandum in writing could be, and it maybe added, thatunder such circumstances to enforce the statute and leave the party who has been put into possession by virtue of an agreement, to be treated as a wrong-doer, would not only be repugnant to justice, but would *149 make the statute a shield and protection for injustice.” “We have ^decided that parol lease of a farm for one year, after the lessee had been put into possession, was valid, and that the tenant might defend his possession against his landlord as well as against a stranger.”
But it is said that the contract in the present case is void, because the lease is for a term longer than one year.
No distinction is made by the terms of the statute, between leases for years, estates for life, or in fee simple; nor between leases for a term not exceeding one year, and those for a longer term. All estates or interests in lands, are placed on the same footing, and •it is certain that contracts for the absolute sale of lands, in fee ■simple, are constantly held by our courts to be taken out of the operation of the statute by part performance, and that a change of possession and part payment will constitute a sufficient part performance for this purpose. The clauses of our statute relied upon in this case, are but a re-enactment of the English statute upon the ■same subject, and the courts of that country have always regarded leases, without regard to their duration, as taken out of the statute by part performance. In the Earl of Aylesford’s case, 2 Strange, 783, there was a parol agreement for a lease of twenty-one years. The lessee had entered and enjoyed for a part of the term, and then the earl brought a bill to oblige him to execute a counterpart for the residue of the term. The lessee pleaded the statute of frauds, which was overruled, the agreement being in part executed. So, ■also, under a similar statute in Pennsylvania, in the case of Jones v. Peterman, where the question was, whether part performance of a parol lease for seven years would take the case out of the statute, *it was held that it would, where the possession relied on as part performance was directly referable to the lease. Judge Gibson, in his opinion in that case, says: “Delivery of possession in pursuance of a parol contract for an interest in land, has uniformly been ■considered such a performance as to take the case out of the statute.” 3 Serg. & Rawle, 543. His opinion is based on the authority of the English decisions, which he cites, and which fully sustain the •doctrine.
But counsel seem to rely, in argument, mainly upon that clause of the statute which relates to agreements not to be performed within one year. ■ Was that clause of the statute intended to embrace agreements respecting an interest in lands ? All such con *150 tracts have been-specifically provided for in the prior clause, which, includes all parol leases, as well those to be performed fully within one year, as those of longer duration; of course it includes-all leases which, under any construction, could be comprehended under the latter clause. It is not easy to see, therefore, how a case could be outside of the operation of the prior clause, and yet fall within the prohibition of the latter. It would seem to be a vain thing to enact that an agreement which is declared to be void, no matter when to be performed, shall be void if not to be performed within one year. We might, therefore, reasonably conclude that the clause “ any agreement that is not to be performed within the space of one year from the making thereof,” was not intended to embrace contracts in relation to real estate, but should be construed as referring solely to contracts having personalty for their subject-matter, and which would, therefore, but for this clause, be valid, though not in writing. This is, certainly, the construction which has been uniformly given to the same clause in the English statute.
Sugden, in his work on vendors, takes no notice of this clause as applicable to real contracts, and at page 95, of volume 1, we find this note: “ Or upon any agreement not to be performed within a year, which clause does not extend to any agreement concerning lands. Hollis v. Edwards, 1 Vern. 159. It is quite clear that the contract for the sale of lands must be in writing, although the contract is to. be performed the next day. See Bracebridge *v. Heald, 1 Barn. & Ald. 722.” In the case referred to from 1 Vern. 159, counsel was proceeding in argument to claim that the one year’s clause applied to real contracts, but the court stopped him, saying, that that clause had no such application.
The New York statute of frauds differs from ours, in expressly requiring leases for more than one year to be in writing. It also contains a provision similar to ours, in regard to agreements not to-be performed within one year. Hence it was held in Cornwell v. Crane, 7 Barb. S. C. 191 (cited by counsel for plaintiff in error), that a parol lease made in January, 1845, for the term of one year, to commence the 1st of May thereafter, was void under the statute as an agreement not to be performed within one year from the making thereof. The court said: “We think the section now referred to, includes agreements in respect to real estate which but for it would have been valid, as well as agreements in relation to goods, chattels, and things in action.” They did not regard the *151 clause relating to tie time of performance, as including any leases-but such as would, but for it, have been valid by the terms of the statute. But by the terms of our statute no parol leases are valid,, so that applying to our statute the same principle of construction adopted by the New York court, we should hold that the clause referring to agreements not to be performed within one year, has no1 application to contracts of lease.
Many of the other cases from New York, Kentucky, Massachusetts, and other states, which have been cited by counsel, relate to personal contracts, and establish the doctrine that if they can not be fully performed within one year, they are not taken out of the statute by part performance.
In the other cases referred to, the contracts under consideration were in fact void by the provisions of the statute applying expressly to leases and interests in land, though in several of them an obiter opinion is expressed that they might also be held void as within the provision which relates to agreements not to be performed within a year. In such cases, it could not become necessary to decide whether a parol lease of lands might not be held void under each of the clauses of the statute. The question *eould have no practical importance. For if the contract was void under one clause of the statute, there could be no room for the further operation of the other.
But we have found no case in which it has been held that where a contract for an estate or interest in lands is by part performance taken out of the provision of the statute of frauds which relates in express terms to real contracts, it may still be held void as within the provision of the same statute which relates to agreements not to be performed within a year.
Lands are usually sold by contracts, which are not to be fully performed within one year, and such we apprehend has been the character of most of the real contracts which have been held by courts to be taken out of the statute by part performance. But if it be necessary from considerations of equity, and in order to suppress fraud, that courts should hold parol contracts for real estate, which may be fully performed within one year, to be taken out of the statute by a change of possession and the making of improvements upon the premises, these considerations lose none of their force where the parties have acted still longer on the faith of the contract, and improvements have been continuously made for years.
*152 In the case before us, we hold that the parol contract of lease was, by the change of possession and the payment of rent, taker out of the operation of that clause of the statute of frauds which relates in terms to leases and interests in land, and is not to be regarded as within the provision respecting agreements not to be performed within one year.
To have entitled the lessee in this case to rescind the contract and abandon the premises, because the lessor did not execute a written lease, the abandonment should at least have been placed upon that ground. But, instead of this, he appears to have occupied the premises under the lease, till April 1, 1854, and then left, because, as he claimed, the term had fully expired.
The judgment of the court of common pleas must be affirmed.
Swan, Brinkerhoee, and Sutliee, JJ., concurred.
Bartlev, C. J., dissented.