## Burke v. Burke et al., Appellants.

Argued April 27, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*E. V. McLaughlin,* with him *Wm. B. Landis,* for ap-
pellant.

*William T. Connor,* with him *George Morrow* and
*John R. K. Scott,* for appellee.

PER CURIAM, May 26, 1932:
Plaintiff's bill asked that an order be made on defend-
ant bank permitting withdrawal by check signed by him

alone of money deposited to the credit of plaintiff and his wife in a joint account.

The account in question consisted of two deposits, the first of $2,000, the second of $2,954.15.

The pleadings show that plaintiff and his wife, the individual defendant here, executed an agreement to sell a farm in Newton Township, Lackawanna County, the property of the former and owned by him before his marriage to defendant. At the time the first payment of $2,000 of the consideration money was made, plaintiff was confined in a hospital by illness. He avers his wife brought the purchaser's check to him, that he endorsed it and instructed her to deposit it in his individual account in defendant bank. Mrs. Burke answers as to this payment, that plaintiff endorsed the check and presented it to her as a gift in accordance with a promise previously made, but that she deposited it in a joint account believing she could secure her husband's signature at any time she desired to use the money. Shortly thereafter the husband and wife separated, the wife alleging desertion. The husband signed the deed for the property in question and left it with his attorneys to be executed by his wife who signed later, and for delivery upon payment of the balance of the purchase money, namely $2,954.15, which sum plaintiff testified was also deposited in the joint account without his knowledge or consent. At the trial, one of the attorneys for Mrs. Burke stated that, by his advice, she refused to sign the deed unless she received the consideration to be paid for the property. Plaintiff avers he was informed and understood the amount of the final payment was deposited in his personal account and did not know until two months later that both checks had been deposited in a joint account of himself and wife. This bill was then filed to have the two amounts transferred to plaintiff's separate account.

The chancellor found upon hearing on bill and answer that "Defendant married a decrepit old man, thirty

years her senior, and so arranged matters that about $4,900 of his funds were tied up in such a way that she would be the sole beneficiary at his death which is liable to occur at any time. She alleges that the funds were given to her while her husband was in the hospital, and refers to certain statements that they were intended as a gift. The statements as to the gift were denied by the husband, and they [the wife's] do not impress the chancellor in this case," and further that "the deposit of the money of plaintiff in a joint account where it could not be used by him was a fraud upon plaintiff's rights." The conclusions of the chancellor were sustained by the court in banc and defendant bank was ordered to "transfer the account of Alice Burke and Tobias F. Burke in litigation in this case, to a single account of Tobias F. Burke, and that checks thereon drawn by the said Tobias F. Burke be honored in accordance with the usual rules of the bank."

"Where the chancellor's findings are affirmed by the court in banc, we are concluded thereby, where such findings were supported by proof sufficient to require their submission to the jury in a trial at law": Belmont Laboratories, Inc., v. Heist, 300 Pa. 542, 546; Feuerstein v. New Century Realty Co., 304 Pa. 271, 277. Such proof is present and ample in the record here before us.

As to the contention of defendant bank and trust company, that equity is without jurisdiction in proceedings of this character, it is sufficient to repeat what we said in Schomaker v. Schomaker, 247 Pa. 444, 447, that "married persons may sue one another in equity to protect and gain possession of their separate property, 'and this notwithstanding the provisions of section 3, of the Act of June 8, 1893, P. L. 344.'"

The decree is affirmed at cost of appellant.