DeNoble *v.* DeNoble et al., Appellants.

Argued March 28, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Frank E. Reed,* of *Bradshaw, McCreary & Reed,* for appellants.

*William Coghlan,* for appellee.

OPINION BY MR. JUSTICE BARNES, June 17, 1938:

The plaintiff instituted this proceeding in equity for the reinstatement of two judgments which she alleges were satisfied by her husband in fraud of her marital rights. On July 6, 1935, the husband of plaintiff,

Cherubrno DeNoble, the owner of two judgments of record in the court below in his favor against his son, John DeNoble and his daughter-in-law, Mary DeNoble, caused both judgments to be marked satisfied. Plaintiff averred in the bill that no consideration was given for the satisfaction of the judgments, but on the contrary the defendants colluded to defraud her of her rights in the property of her husband. She asked that the satisfactions be declared void, and that the judgments be restored to full force and effect. The defendants named in the suit are her husband, his son, John DeNoble, and the wife of the latter, Mary DeNoble.

After preliminary objections to the bill were dismissed, the defendant, John DeNoble, filed an answer denying the plaintiff's allegations of fraud, and averred that Cherubrno DeNoble, his father, made an absolute and voluntary gift of the judgments and of their value, in consideration of natural love and affection, and as compensation for services rendered. An answer to the same effect was filed by Mary DeNoble. There was no appearance entered or answer filed on behalf of the defendant, Cherubrno DeNoble.

From the record it appears that in 1929, John DeNoble erected a building upon a certain plot of ground, which he and his wife owned as tenants by the entireties, in the Borough of Baden, Beaver County. He borrowed $15,000 from his father to help defray the expenses of construction, and with his wife gave a mortgage on the property to his father to secure this indebtedness. When the tax authorities attempted to collect the tax due on the mortgage, the security was changed at the father's request, to a $15,000 judgment note which was dated November 1, 1932, and likewise executed by John and Mary DeNoble. Thereupon the mortgage was satisfied. Contrary to the intention of the parties, Cherubrno DeNoble caused judgment to be entered on this note on January 13, 1933, and again the question of tax liability arising, the father satisfied this judgment

on May 23, 1934, and took from his son and daughter-in-law two judgment notes, one for $5,000 and the other for $10,000, each dated June 1, 1934, which are the notes here in litigation. Subsequently, becoming alarmed concerning his security, Cherubrno DeNoble entered both notes as judgments in the court below on December 26, 1934. John DeNoble paid his father the interest due on this indebtedness up to June 1, 1934.

Prior thereto, on August 3, 1933, Cherubrno DeNoble was married to the plaintiff. Their married life was marked by frequent quarrels, and upon three occasions the husband left his home and went to live with his son. On July 2, 1935, while one of the many quarrels was in progress between them, John DeNoble called upon his father, and together they returned to the son's home in Baden. It was while he was residing there that Cherubrno DeNoble satisfied the two judgments of record against John and Mary DeNoble, on account of which relief is here sought.

Cherubrno DeNoble and the plaintiff again were living together in September, 1935, when the wife learned that the judgments had been satisfied. In March, 1936, she filed the present bill to cancel the satisfactions and reinstate the judgments.

The learned chancellor found that Cherubrno DeNoble did not make a gift of the $15,000 to John DeNoble, and that the satisfactions were a fraud against the marital rights of the plaintiff. These findings were approved by the court en banc, and a final decree was entered declaring the satisfactions of the judgments null and void, and directing that they be stricken from the record. From this decree John and Mary DeNoble have taken these appeals.

Our review of the record convinces us, as it did the chancellor, that when Cherubrno DeNoble in 1929 gave to his son, John DeNoble, the $15,000, he did not intend to make a gift to him of this sum of money. However, on December 26, 1934, when the two notes were entered

as judgments in the court below, they then represented a record indebtedness due by the son to the father. At that time the plaintiff had no vested interest whatsoever in these judgments. They belonged to the personal estate of her husband. He was the absolute owner of them. He might sell or dispose of them by gift, or otherwise, at his pleasure, and the plaintiff could not be heard to complain. When he satisfied the judgments on July 6, 1935, he did that which he had the legal right to do as the owner of such property,—to relinquish all rights in them by an acknowledgment of record that they were no longer of any effect.

It is settled in this state that husband or wife, without the consent of the other, may dispose of his or her individual personal property during coverture, whether by gift, grant in trust, or otherwise, and such disposition of personalty is not in fraud of the marital rights of either party. In *Windolph v. Girard Trust Co.,* 245 Pa. 349, in speaking of the rights of the wife in this connection, we said (p. 365) : "She may, therefore, dispose of her personal estate during coverture as she pleases. Her husband has no vested interest in her personal property during her lifetime. If done in good faith and with the intention to divest herself of the ownership, she may sell her personal property, give it away, or make any other disposition of it she desires during her life and he cannot complain, for the all-sufficient reason that he has no interest in the property. She is the owner and has absolute control over it, and hence in disposing of it during life she infringes no property or other right of her husband. . . . It is manifest, therefore, that having no right or interest in or to the property as husband, there are no marital rights of which he can be defrauded by his wife's disposal of the property during life by gift or otherwise."

Likewise a husband may dispose of his personal estate by voluntary gift inter vivos, without his wife's consent and free from any claim on her part, provided

it does not appear that there was an intent to commit an actual fraud upon the wife. In determining the question of intent, actual fraud is the indispensable foundation and is not established merely by proving that the husband's purpose is to deprive the wife of her distributive share in his estate as widow. See *Beirne v. Cont.-Equitable T. & Tr. Co.,* 307 Pa. 570, 577. Again we approved this principle when we said, per curiam, in *Orth v. Doench,* 309 Pa. 240 (p. 242) : "The question of the right of a husband or wife to dispose of property belonging to him or her individually, even in anticipation of death or to prevent its falling into the hands of the other thereafter, has been recently discussed and determined in *Windolph v. Girard Trust Co.,* 245 Pa. 349, 363-6, and *Beirne v. Continental-Equitable Title & Trust Co.,* 307 Pa. 570, 577-8."

While it may be true that the judgments in the present case were satisfied with the intention on the part of the husband to prevent his wife from sharing any interest in them or their value, standing alone this is insufficient to establish fraud in the transaction. Such fraud would exist, for example, if the transfer were a colorable one, the husband retaining a concealed interest in the property.

We conclude, therefore, that the learned court below was in error in the decree which was entered declaring the satisfactions null and void, striking them from the record, and reinstating the judgments to their full force and effect.

The decree of the court below is reversed, and the record is remitted to the end that the two judgments in the court below at No. 116, March Term, 1935, and at No. 117, March Term, 1935, be marked satisfied of record. Appellee to pay the costs.