## Geary *v.* Geary, Appellant.

Argued January 26, 1940. Before SCHAFFER, C. J., DREW, LINN, STERN and BARNES, JJ.

386

*Morris L. Fussell,* of *Robinson & Fussell,* with him *William T. Cooper,* for appellant.

*James L. Rankin,* of *Geary & Rankin,* for appellee.

OPINION BY MR. JUSTICE BARNES, March 25, 1940:

Plaintiff brought this bill in equity to recover from his wife the possession of three policies of life insurance. The parties were married in 1924, and the marital status still subsists, but since April 15, 1938, they have lived apart. There are three children.

In 1931, plaintiff applied to the Massachusetts Mutual Life Insurance Company for two policies of insurance covering his life. These policies were issued naming defendant as beneficiary, but reserving to plaintiff the right to change the beneficiary. The third policy, issued to plaintiff by the Metropolitan Life Insurance Company upon his application in 1927, likewise named his wife as beneficiary and reserved the right to the insured to change the beneficiary. The premiums on all three policies were paid by checks drawn on the joint bank account of husband and wife, which represented entirely the earnings of plaintiff.

On the day following the separation, defendant, unknown to plaintiff, removed these policies, together with

$10,000 in cash, from a safe deposit box to which both plaintiff and defendant had access. She later turned the cash over to plaintiff, admitting that it belonged to him, but she has refused to surrender the policies, asserting that, as beneficiary thereunder, and as plaintiff's creditor under a support order issued by the court of quarter sessions, she is entitled to retain possession to protect her rights. Plaintiff is required by the support order to pay defendant $210 per month and has never been delinquent in making the payments. The chancellor found that plaintiff was entitled to possession of the policies, and accordingly granted the relief prayed for. Exceptions to the adjudication and decree nisi were dismissed by the court in banc, and a final decree was entered directing defendant to surrender the policies to plaintiff. Defendant's petitions for review and reargument, and for the imposition of costs and counsel fees upon the plaintiff were likewise dismissed by the court in banc. This appeal followed.

Since the present dispute is concerned solely with the right to possession of the policies, we need not consider the respective rights of the parties in the proceeds. There is no evidence of plaintiff's motives in seeking to regain the policies, nor do we think that they are material to the issue. See *C. I. T. Corp. v. Flint,* 333 Pa. 350, 356-357. It is clear that this defendant is not entitled to withhold possession of the policies simply because she is the named beneficiary therein. See *Bowers v. Parker,* 58 N. H. 565. The contracts of insurance were entered into between the plaintiff and the respective insurance companies, upon plaintiff's application. The policies were issued to him designating him as the party insured.

Under the terms of the contract of insurance, of which the policies are merely the formal evidence, the insurance companies promised the insured that upon his death certain payments would be made in accordance with his directions. In addition, the policies provided

for payments to the plaintiff under the conditions provided therein, and to each policy there was annexed a table showing the cash surrender and loan values of the policies from year to year. Under the circumstances we are unable to see why he should not be entitled to physical possession of the policies evidencing these contracts.

There is no merit in defendant's contention that as a creditor of her husband under the order of support she is justified in retaining these policies. They were not pledged to her as security for plaintiff's obligation, nor has she asserted any facts which would entitle her to such security. It does not appear that plaintiff intends to dispose of the policies without adequate consideration, or that such a disposition would render him insolvent. Furthermore, a creditor may not seize possession of the property of his debtor upon the mere apprehension that a fraudulent conveyance of the property in the future is contemplated. If plaintiff should attempt to perpetrate an actual fraud upon his wife, she may seek relief in equity. See *Beirne v. Cont.-Equitable T. & T. Co.*, 307 Pa. 570, 577-578; *DeNoble v. DeNoble*, 331 Pa. 273, 277.

After the hearing before the chancellor, defendant attempted for the first time to raise the question of the jurisdiction of equity, upon the ground that plaintiff had an adequate remedy at law. This question should have been raised "by demurrer or answer, explicitly so stating," as required by the Act of June 7, 1907, P. L. 440, and, not having been decided *in limine*, before a hearing on the merits, it will not be considered here: *Wright v. Barber*, 270 Pa. 186; *Wyoming N. Bk. v. Stookey*, 330 Pa. 324.

The Act of June 8, 1893, P. L. 344, Section 3, as amended by the Act of March 27, 1913, P. L. 14, Section 1, is not a bar to this action between husband and wife. The act, after prescribing limitations upon the right of a wife to sue her husband, provides: ". . . nor may

he sue her, except in a proceeding for divorce, or in a proceeding to protect or recover his separate property, . . ." Since, as we have concluded, plaintiff has the sole right to possession of the policies evidencing the insurance contracts, the present action is clearly permitted by the quoted provision of the Act. See *Schomaker v. Schomaker*, 247 Pa. 444; *Burke v. Burke*, 307 Pa. 518. Regardless of whatever rights defendant may have in the proceeds of the policies, the documents themselves are the "separate property" of the husband within the meaning of the act, wherein the term is used "not . . . in any technical, but in a broad and comprehensive, sense": *Morrish v. Morrish*, 262 Pa. 192, 198.

As the present proceedings were rendered necessary by the defendant's wrongful seizure and retention of the policies, and as the record does not indicate that she is in destitute circumstances, we find no abuse of discretion in the lower court's dismissal of her request for counsel fees.

The decree is affirmed. Costs on this appeal to be paid by appellee.