## Algard v. Algard

*K. L. Shirk*, for plaintiff.

*F. Lyman Windolph*, for defendant.

SCHAEFFER, P. J., July 12, 1940.—Plaintiff filed a bill in equity against her husband for a decree awarding damages to her for personal injuries sustained by the negligent operation of an automobile by her husband. It is averred that defendant operated his automobile in a careless and negligent manner, pinning his wife, the plaintiff, between the side of his automobile and one of the walls of his garage. At the argument plaintiff limited her claim to loss of wages and pain and suffering.

Defendant has filed a petition under the Act of March 5, 1925, P. L. 23, for preliminary determination of the question of jurisdiction "of the cause of action." Said act relates to any proceeding at law or in equity.

Plaintiff in her bill in equity admits that she has no remedy at law against her husband because "she is prohibited from suing the defendant, who is her husband, with whom she is now living and with whom the marital relation now exists and continues to exist." In Kaczorowski v. Kalkosinski, Admr., 321 Pa. 438 (1936), an action of trespass resulting from an automobile accident, Mr. Chief Justice Kephart said (pp. 442, 443) :

"Appellant has devoted much of his brief in an attempt to show that the common law prohibition upon suits between spouses has been abrogated in this jurisdiction by the various Married Women's Acts, but, after a careful survey of these statutes, we are convinced that so far as

actions for personal torts are concerned such disability has not been removed. . . .

"It is immaterial what reason may be assigned for the prohibition on tort actions between spouses."

In Shoyer v. Shoyer, 36 D. & C. 673 (1939), a Philadelphia County case, plaintiff brought action against her husband to recover damages for personal injuries sustained while she was a passenger in an automobile operated by her husband. It was held that such action at law could not be sustained by the wife even though the real defendant was the husband's insurer rather than the husband himself. It was also decided that "The definition of 'property' contended for by plaintiff is so broad it would virtually nullify the obvious intent that, generally speaking, a wife may not sue her husband." To the same effect is Cardamone v. Cardamone, 9 D. & C. 723 (1927), in which authorities both in this and other States are fully reviewed.

Plaintiff relies on section 3 of the Act of June 8, 1893, P. L. 344, as amended by section 1 of the Act of March 27, 1913, P. L. 14, which provides as follows:

"Hereafter a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person; but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property. . . .".

Plaintiff's position is that the phrase "her separate property" in said act includes an unliquidated claim of the wife against her husband for personal injuries and that equity has jurisdiction. In Miller v. Miller, 44 Pa. 170 (1863), the husband had deserted the wife. She sued her husband in an action of covenant to recover damages for permitting waste of her real estate. It was held that unliquidated damages for breach of covenant are not "property" within the meaning of the Act of April 11, 1856, P. L. 315, and that the coverture prevented recovery.

In Walker v. City of Phila., 195 Pa. 168 (1900), Mr. Justice Mitchell said (p. 173) :

"The right of the wife in the first action being for a tort done to her, was her separate property by the express words of the Act of June 3, 1887, P. L. 333, and the husband could not have controlled or interfered with the conduct of the suit or appealed from the result."

That case related to and sustained the right of the wife to sue a third party.

Plaintiff concedes that there is no right of action at law in this case, but justifies the procedure in equity on the ground that it involves the property rights of the wife. It has been decided that a married woman may maintain a bill in equity against her husband for the protection of her separate estate against the fraud or other wrongdoing of her husband: Heckman v. Heckman, 215 Pa. 203; Burke v. Burke et al., 307 Pa. 518. However, the phrase "her separate property", as used in the acts referred to, does not include unliquidated damages for a tort committed by the husband against his wife. This is applicable equally to an action at law and to a proceeding in equity. To hold otherwise would practically nullify the intent and purpose of the statutes in question. Such right should be granted clearly and unequivocally and not by implication: Small v. Small, 129 Pa. 366. Furthermore, in Thompson v. Thompson, 218 U. S. 611, where the wife sued her husband to recover damages for assault and battery based upon the Code of the District of Columbia, Mr. Justice Day said (p. 618) :

"It must be presumed that the legislators who enacted this statute were familiar with the long-established policy of the common law. . . . Conceding it to be within the power of the legislature to make this alteration in the law, if it saw fit to do so, nevertheless such radical and far-reaching changes should only be wrought by language so clear and plain as to be unmistakable evidence of the legislative intention . . . it would have been easy to have expressed that intent in terms of irresistible clearness."

Plaintiff has cited, inter alia, Bushnell v. Bushnell, 103 Conn. 583, and Wait v. Pierce et al., 191 Wis. 202, 209 N. W. 475, to sustain his position. However, these authorities are based upon statutes or a policy of the law which is not recognized in Pennsylvania.

### Decree

And now, July 12, 1940, the rule, granted to show cause why the bill of complaint should not be dismissed for lack of jurisdiction of the cause of action in this suit in equity, is made absolute. It is ordered, adjudged, and decreed that this proceeding in equity be dismissed.

The costs of this proceeding shall be paid by plaintiff.