## Seltzer v. Lichow et al.

*J. Rappaport*, for plaintiff.

*D. Kanner*, for defendants.

FLOOD, J., July 11, 1946.—

### Pleadings and issue

This is a bill in equity which seeks, inter alia, to recover the deposit money paid in connection with an agreement of sale for premises more fully described hereinafter. The bill alleges a breach by defendants and prays for a return of the deposit money. The answer denies the breach. The issue is whether defendants breached the agreement.

*Findings of fact*

1. Defendant Mitchell J. Lichow is a brother of defendant Pauline G. Lichow.

2. On October 16, 1944, plaintiff entered into a written agreement with Mitchell J. Lichow, agent for Pauline G. Lichow, for the purchase of premises known as 1173 Windrim Avenue, Philadelphia, then occupied by tenants under a month-to-month lease.

3. Pauline G. Lichow is the record owner of the aforementioned premises.

4. By the terms of the agreement, it was provided, inter alia:

(a) Purchase price for said premises was $5,450, payable $300 upon the execution of the agreement of sale and the balance at settlement.

(b) Settlement was to be held within 60 days from the date of the agreement of sale, with possession to be surrendered by deed and key.

(c) Said agreement of sale was to be subject to the approval of the owner, Pauline G. Lichow.

5. On December 15, 1944, the parties had not completed settlement, possession had not been delivered, and the aforementioned approval had not been obtained.

6. On December 26, 1944, plaintiff notified defendant that unless possession could be given by the end of the year 1944, plaintiff would be obliged to rescind the agreement and demand the return of his deposit money.

7. On January 1, 1945, the parties had not completed settlement and possession had not been delivered.

8. On January 3, 1945, plaintiff purchased other premises on Widener Place in the City of Philadelphia and on January 10, 1945, notified defendant that he had rescinded the agreement of sale and demanded the return of his deposit money.

9. Defendant did not comply with the demand and no part of the deposit money has yet been paid to plaintiff.

## Discussion

This case was heard before me on June 11, 1946.

■ Plaintiff's testimony was that he signed an agreement to purchase premises 1173 Windrim Avenue, Philadelphia, on October 16, 1944, settlement to be made and possession delivered within 60 days, the agreement to be subject to the approval of the owner, Pauline Lichow. The owner never gave written approval, possession was not delivered within the time limit in the agreement and settlement was never made. Defendant Mitchell Lichow told plaintiff sometime before the expiration of the 60 days that the tenant had not vacated and that he would need extra time. Plaintiff agreed to an extension of the time of settlement until the end of the year. However, at the end of the year the property was still occupied by defendant's tenant and plaintiff thereupon bought another property and demanded back the sum of $300 which had been deposited by him on account of the purchase at the time of the agreement of the sale.

Defendants seriously dispute only the fact that the property was still occupied by a tenant at the end of the year, and say that toward the end of December defendant Mitchell Lichow called Seltzer and said it was vacant, but Seltzer had already bought another place and he didn't want the property any more.

Defendants' testimony thus indicates that they did not inform plaintiff that the property was vacant until after plaintiff had purchased the other property for himself. Plaintiff testified that he purchased the other property on January 3, 1945. Plaintiff's testimony is far more definite and I believe it.

Defendant Mitchell Lichow himself said that the extension granted by plaintiff was not to extend be-

yond the end of the year, and I find that possession was not delivered within that time. Defendants are therefore in default.

■ Defendants also contend that the bill should be dismissed on the ground that plaintiff had an adequate remedy at law.

The difficulty with this position is that defendant's answer was not in the nature of a preliminary objection. It was an answer on the merits admitting the agreement of sale, payment of the deposit money and failure to obtain the necessary approval under the terms of the agreement, but denying all the allegations of fraud contained in the bill and praying that the bill be dismissed.

The Act of June 7, 1907, P. L. 440, 12 PS §1227 et seq., provides in part as follows:

". . . when a bill in equity has been filed . . . if the defendant desires to question the jurisdiction of the court, upon the ground that the suit should have been brought at law, he must do so by demurrer or answer, explicitly so stating, or praying the court to award an issue or issues to try questions of fact; otherwise, the right of trial by jury shall be deemed to have been waived by both parties, and the cause shall proceed to a final determination by said court. . . ."

And in section 2 of the same act, it is provided partly as follows:

"If a demurrer or answer be filed, averring that the suit should have been brought at law, that issue shall be decided in limine, before a hearing of the cause upon the merits."

Equity Rule 48 (subsec. 6) provides for a preliminary objection on the ground of an adequate remedy at law. Rule 49 defines the procedure in such cases and adds, inter alia: "If this course is not pursued all objections will be deemed finally waived, and defendant must answer. . . ."

Where a defendant does not seek to have the question as to plaintiff's right to proceed in equity decided in limine, as required by the above act, defendant's right to attack the jurisdiction is waived: Allen et al. v. Sarshik, 299 Pa. 257 (1930). More recently, the Supreme Court has decided that the question of equity jurisdiction must be raised by demurrer or answer, and where it has not been decided in limine before a hearing on the merits, it cannot be considered on appeal: Geary v. Geary, 338 Pa. 385 (1940). See also Weiss and Maen v. Greenberg, 101 Pa. Superior Court 24 (1930), Shore et al. v. Friedman, 142 Pa. Superior Court 373 (1940).

### Conclusions of law

1. Plaintiff and defendants entered into a valid agreement of sale for premises 1173 Windrim Avenue, Philadelphia, on October 16, 1944.

2. Defendants were unable to perform the contract on their part and were unable to deliver possession within the terms of the contract and never obtained approval of the owner as required by the said agreement of sale.

3. Plaintiff, under the circumstances, was entitled to rescind the agreement and demand the return of the deposit money paid in accordance with the agreement.

4. Defendant, not having raised the question of the jurisdiction of the court because of the adequacy of plaintiff's remedy at law before proceeding with a hearing on the merits, has waived the right to object at the hearing on that ground.

5. The prayer of the bill, insofar as the return of the deposit money is concerned, should be granted.

### Decree nisi

And now, July 11, 1946, it is ordered, adjudged, and decreed that defendants forthwith pay over to

plaintiff the sum of $300, with interest from October 16, 1944.

Costs to be paid by defendants.

---

NOTE.—An appeal from the foregoing decision to the Superior Court was discontinued October 25, 1946.