## Guy v. Guy

*James N. Robertson*, for plaintiff.
*Louis A. Bloom*, for defendant.

SWENEY, J., April 25, 1952.—This is an action in equity by a husband against a wife for an injunction

to restrain the wife from preventing the return of the husband to their home, which is a residence held by the parties as tenants by the entireties. The matter is before the court en banc upon preliminary objections of defendant wife, raising the question of the right of the husband to maintain his action against her, because of the disability of the Act of June 8, 1893, P. L. 344, sec. 3, 48 PS §111 (prohibiting suit by one spouse against the other, "except in a proceeding for divorce or in a proceeding to protect and recover her separate property").

Plaintiff admits that he is not seeking to protect or recover his separate property (Shank v. Shank, 54 Dauph. 255) ; he also admits that he may not maintain such an action at law; but he argues that he is not prohibited, under this statute, from bringing this action in equity.

Plaintiff cites many cases to sustain his position. However, a reading of these cases discloses that either separate property is being litigated or personal property is the subject of the suit, in which connection the courts have ruled that the taking of entireties property by one spouse and suit by the other constitutes an offer and acceptance to dissolve the tenancy by entireties. Geary v. Geary, 338 Pa. 385, was a suit for separate property. Berhalter v. Berhalter et al., 315 Pa. 225, involves a bank account. See also, Wakefield v. Wakefield, 149 Pa. Superior Ct. 9, wherein the court denied the wife an accounting of rents from real estate owned as tenants by entireties, while the marriage subsists.

A thorough search discloses no case in Pennsylvania which gives a husband the right to maintain such an action in equity as has been filed here and the bill must be dismissed.