Berhalter *v.* Berhalter, Appellant, et al.

Argued March 22, 1934. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*John F. Gloeckner,* with him *John R. O'Keefe,* for appellant.

*Leonard M. Boehm,* for appellee.

OPINION BY MR. JUSTICE KEPHART, April 23, 1934:

The parties to this litigation, husband and wife, were married in 1904. After their marriage it was mutually agreed that their common earnings were to be used for the support and maintenance of the family; any savings were to be deposited in the First National Bank of Braddock, in an account in their joint names. All of the earnings of the husband were turned over to the wife in the original envelopes, with seals unbroken; approximately $28,000 was so delivered. The money was regularly deposited; the pass book issued by the bank contained the agreement, in part as follows: the deposits "are our property as husband and wife, by entirety, and we do hereby direct [the]......bank to honor......all checks that we or either of us may draw upon [the] ......account." Survivorship was provided for. In December of 1926, the wife withdrew the sum of $6,000 from the joint account, leaving a balance of $18. She deposited this large amount in her own name in another bank, with other funds procured from her husband as well as from her individual earnings. The withdrawal of the funds and the opening of a new account was done without the knowledge of the husband who had not seen the pass book until this trial in the court below.

In the spring of 1932, the wife determined to return to her girlhood home in France and intended to take all of this money with her. She stated that no part of it belonged to her husband. She procured passports and evidently determined to leave her husband. On learning these facts, the husband brought this bill to restrain his wife from withdrawing the money from her account in

the First National Bank, as well as for other relief. The court below directed that one-half of the fund be transferred to the husband. From this order, an appeal was taken.

There is no dispute between the parties that the agreement signed by them with the bank constituted the fund an estate by entireties, having the right of survivorship as an incident: Leach's Est., 282 Pa. 545. Even though there had been no such agreement, a deposit of money in the names of husband and wife, or, of husband or wife, using both names, creates an estate by entireties: Sloan's Est., 254 Pa. 346; Blick v. Cockins, 252 Pa. 56; Klenke's Est., No. 1, 210 Pa. 572. The incidents of such an estate are unity of interest, title, time and possession, with the right of survivorship. At common law, the heirs of the survivor take to the exclusion of the heirs of the first deceased. The theory of joint estates of this character is that each of the tenants holds the entire estate by the half and by the whole. On the death of one, the other does not acquire a new interest by descent. The interest of the surviving tenant in the whole is not increased by the extinguishment of the interest of the other by death, but rather is freed of the restraints imposed upon it by the presence of an interest of like degree and kind which existed while both lived: Cf. Haggerty's Est., 311 Pa. 503. The whole estate continues in the survivor as it would continue in a corporation after the death of one of the corporators. One of the parties cannot destroy the incidents of the entirety by any act of his or hers: Beihl v. Martin, 236 Pa. 519. It is the contention of appellant that when the parties expressed in the agreement that "either of them" could withdraw all or any part of the fund, one of the elements essential to an estate by entirety was lacking, which she describes as the unity of control, but, while unity of control must exist, O'Malley v. O'Malley, 272 Pa. 528, this is bound up in the four incidents of such an estate. The fund withdrawn is still subject to the legal status of the estate,

and it has stamped on it in the hands of the one who withdrew it all the elements of a trust. Where both husband and wife have the power to withdraw funds deposited in a joint account, the power must be exercised in good faith for the mutual benefit of both, and cannot be rightly exercised by the fraudulent withdrawal of the corpus of the funds for the exclusive use of one for the purpose of depriving the other of any use thereof or title thereto. We have held that the fact an agreement creating an estate by entirety contains the right to withdraw by either husband or wife, does not destroy the legal effect of the estate. "It is a joint deposit with right of survivorship where the certificates are payable to husband or wife, as well as where payable to husband and wife. In either case it is held by entireties": Sloan's Est., Blick v. Cockins, Klenke's Est., all supra.

None of our cases cited by appellant contradicts this proposition of law. When the wife attempted to withdraw more than one-half of this fund, or any of it, from the bank and use it for her individual purposes, she violated the terms of the entirety agreement. Such an act was not an incident of the estate any more than would have been the investment of part of the funds in bonds or stock in her own name. Had the estate consisted of real property, she could not have leased it in her own name (O'Malley v. O'Malley, supra) ; nor could she sell such real estate or dispose of such fund. It has long been held that deeds of grant will operate to extinguish the right of survivorship and destroy a joint tenancy. Such a result is predicated on an agreement, and an estate by entirety with the incidents of survivorship may always be destroyed by agreement of the parties. There can be no question that the husband and wife could have gone to the bank and by signing the necessary check have withdrawn the money from the bank and divided it among themselves.

When the wife in her own behalf and for her own use withdrew part of the fund from the bank, this action

was tantamount to an offer to her husband to destroy the estate by entirety. As stated in Swolski v. Swolski, 75 Pitts. L. J. 534, defendant appropriated to her own use, the funds which plaintiff and defendant agreed to hold in an estate by entireties and this constituted in law an election on her part to divide the fund. In this case, when appellee in a request for a conclusion of law asked for a division of the fund, this constituted an acquiescence in appellant's offer or election to divide the fund. In other words, by the act of the parties they agreed to divide the property subject to the estate by entirety. This being the course the litigation took in the court below, we find no reason to discuss some of the other questions raised by appellant; they become immaterial. There are no rights of third parties involved; the litigation is solely between husband and wife.

The decree of the court below dividing the fund is affirmed; costs of this appeal to be paid by appellant.