## Kaufmann v. Kaufmann

*M. Robert Beckman,* for plaintiff.
*Joseph C. Henry,* for defendant.

KUN, J., November 22, 1947.—Plaintiff filed an action in assumpsit against his wife to recover the amount of a deposit withdrawn by her which stood in their joint names as husband and wife with the right of either to make withdrawals. The case was heard without a jury, and the trial judge made a finding for plaintiff against defendant for the entire amount of the fund, to which finding defendant has filed exceptions.

A deposit of money in the names of husband and wife, either of whom may draw against it, creates an estate by entireties, regardless of the source of the funds. "Each of the tenants holds the entire estate by the half and by the whole". However, "the power (to withdraw) must be exercised in good faith for the mutual benefit of both, and cannot be rightly exercised by the fraudulent withdrawal of the corpus of the funds for the exclusive use of one for the purpose of depriving the other of any use thereof or title thereto": Berhalter v. Berhalter et al., 315 Pa. 225, 228.

In the case cited, a proceeding in equity, because of the "course of the litigation", the court took the view that the parties had in effect agreed to divide the fund, and affirmed the decree of the court below so ordering.

The question in a case like this is whether the withdrawal by the one spouse is in good faith for the benefit of the family, or fraudulent for the private benefit of the one withdrawing the fund. "The fund withdrawn is still subject to the legal status of the estate and it has stamped on it in the hands of the one who withdrew it all the elements of a trust.": Berhalter case, supra (p. 227).

There was no basis in law for the action in assumpsit instituted in this case by plaintiff-husband against defendant-wife. The subject matter of the suit was not the separate estate of plaintiff-husband, but was an estate held by both as tenants by entireties, and the trial judge's finding in favor of plaintiff-husband against defendant-wife for the entire amount of the fund can-

not be sustained on legal principles applicable to such a situation. The proper remedy of plaintiff is by bill in equity against the wife for an accounting, in which it will be disclosed whether the fund withdrawn has been used for their joint or family benefit or for some improper purpose. The court's ultimate decree will depend on the proofs.

The exceptions to the court's finding for plaintiff are sustained, without prejudice to the right of plaintiff to proceed on the equity side of the court, to which this cause is now transferred for further proceedings in accordance with this opinion.