Argued October 7, 1949.
This appeal arises from a proceeding in equity between husband and wife. The action was brought by the husband to require his wife to account for the entire amount of a bank deposit which they held as tenants by entireties. The husband has appealed from the final decree of the court below.
The action was brought originally in assumpsit wherein the husband sought recovery from his wife of the balance in their joint account in the Western Saving Fund Society in Philadelphia in the amount of $1,799.15. The parties were unquestionably in accord in the creation of the bank account from which either could draw; but it was averred that the balance of the account was fraudulently, surreptitiously, and without authorization withdrawn by the wife on March 28, 1946. *Page 8 
The case was heard without a jury, and the trial judge found for the husband in the amount withdrawn by the wife, to wit, $1,799.15. On November 22, 1947, the court in banc sustained the wife's exceptions to the finding for the husband, and held that his remedy was by a bill in equity against his wife for an accounting. Accordingly, the court in banc transferred the case to the equity side of the court for further proceedings, as the question involved was whether the withdrawal by the wife was in good faith and for a proper purpose, or was fraudulent. The husband filed exceptions to the order of the court in banc of November 22, 1947. On December 15, 1947, these exceptions were stricken off, and no appeal was taken. The husband thereupon acquiesced in the order of the court in banc and proceeded in equity. His complaint in assumpsit was considered as a bill in equity with certain amendments and prayers for relief.[1]
Thereafter the wife filed her account on June 30, 1948, showing the expenditures made from the fund. The husband filed exceptions to his wife's account, and on October 27, 1948, the matter came on for hearing in equity. It was stipulated that the evidence taken in the assumpsit action should be considered as taken in the equity proceedings. Additional testimony was presented at a hearing before the chancellor.
The chancellor made findings of fact and conclusions of law sustaining the husband's contentions, and entered a decree nisi directing the wife to pay over to him $975.69, being approximately one-half of the amount originally withdrawn from the bank deposit held by *Page 9 
entireties. The account filed by the wife as amended showed that she had expended all but $61.35 of the balance withdrawn from the bank. These expenditures were principally for rent, food, clothing, and medical expenses of the wife, and cover a period of forty-two weeks from March, 1946, to January 16, 1947, when an order of the Municipal Court for the support of the wife became effective.
The principal facts as to the marriage and conduct of the parties prior to suit, as found by the chancellor, are not controverted. The marriage took place in 1940. In February, 1941, a joint bank account was started in the Western Saving Fund Society. Either party had the right to withdraw. It is admitted that the funds came from the husband's earnings. The parties continued to live together until May 5, 1946, at 3115 North Broad Street, Philadelphia, when the husband was removed to a hospital for treatment. Upon his recovery six weeks later he did not return to the matrimonial domicile but went to live with his sister. On March 28, 1946, without the husband's knowledge, the wife had withdrawn from the bank account the entire balance of $1,799.15. Except for an occasion in June, 1946, the parties had not seen each other after the husband went to reside with his sister until the hearings in this proceeding. The wife continued to live at 3115 North Broad Street.
The wife claimed that she withdrew the funds for her own support and maintenance and in anticipation of her husband's leaving her. The husband, on the other hand, contended that he adequately supported his wife during the period in question, and that she abandoned him; and the chancellor so found.
The wife filed exceptions to the chancellor's findings of fact and conclusions of law. The court in banc sustained most of her exceptions and made its own findings of fact and conclusions of law. It found as a fact that *Page 10 
the wife did not abandon her husband, and concluded as a matter of law (1) that the wife had a right to draw on the bank account for her maintenance and support; (2) that upon withdrawal of the deposit held by entireties it was still subject to the legal status of an estate by the entirety; (3) that all the items expended by the wife and listed in her account, except certain items aggregating $346.34, were proper expenditures by her for her support and maintenance. The court in banc found that the unexpended balance in the hands of the wife was $407.69; and that the husband was entitled to one-half of this or $203.85 with interest. A decree was entered accordingly. It is from this decree the husband has appealed.
Appellant attempts on this appeal to question the order of the Court of Common Pleas No. 1 of Philadelphia County, sitting in banc, dated November 22, 1947, sustaining his wife's exceptions to the finding of the trial judge in his favor in the full amount of the withdrawn deposit, and transferring the case to the equity side of the court. Appellant, having failed to appeal from the action of the court and its order and having acquiesced therein by proceeding in equity, cannot now attack any part of the proceedings prior thereto or the order transferring the case to the equity side of the court. Appellant sought relief in a court of equity; he cannot now complain because the court disposed of the case upon its merits. Smith v. McClure, 257 Pa. 168, 171, 101 A. 347.
Appellant now contends, as he did in the court below, that he is entitled to a decree for one-half of the amount withdrawn from the bank account by his wife, and that the court in banc erroneously concluded that his wife could expend the withdrawn fund for her support and maintenance.
There is no substantial difference in most of the facts as found by the chancellor and as found by the court *Page 11 
in banc. They are in agreement on the conclusions of law except as to whether the wife, under the law, had the right to expend the greater part of such fund for her support and maintenance. In the findings of fact the only material difference is as to the alleged separation or abandonment by the wife, and the adequacy of the support furnished by appellant during the period in question. Where the court in banc changes the findings of the chancellor, it is still the duty of the appellate court to determine whether the ultimate result reached was based on a proper understanding of the facts and a correct application of the legal principles. Easton v. Koch,152 Pa. Super. 327, 333, 31 A.2d 747. Although the chancellor's findings are entitled to great weight, particularly where the credibility of witnesses is concerned, we think the evidence clearly supports the findings as made by the court in banc that the wife did not leave or abandon her husband, and that he did not furnish her adequate support. He left the common domicile while she remained without provision for support from him. We accept the findings of the court in banc on these factual matters.[2] The husband's basic duty to support his wife exists by law until facts appear of record which negative such duty. Com. ex rel. Whitney v. Whitney,160 Pa. Super. 224, 227, 50 A.2d 732; Com. ex rel. Pinkensonv. Pinkenson, 162 Pa. Super. 227, 229, 57 A.2d 720.
The bank deposit in the names of husband and wife in the Western Saving Fund Society, either having the right to withdraw, constituted the fund an estate by the entirety, even though wholly furnished by the husband. Berhalter v. Berhalter,315 Pa. 225, 227, 173 A. 172; Madden v. Gosztonyi Savings andTrust Co., 331 Pa. 476, 485, 200 A. 624; Werle v. Werle,332 Pa. 49, 52, 1 A.2d 244; Runco v. Ostroski, 361 Pa. 593, 596, *Page 12 
65 A.2d 399. "The fund withdrawn is still subject to the legal status of the estate, and it has stamped on it in the hands of the one who withdrew it all the elements of a trust. Where both husband and wife have the power to withdraw funds deposited in a joint account, the power must be exercised in good faith for the mutual benefit of both, and cannot be rightly exercised by the fraudulent withdrawal of the corpus of the funds for the exclusive use of one for the purpose of depriving the other of any use thereof or title thereto": Berhalter v. Berhalter,
supra, 315 Pa. 225, at pages 227, 228, 173 A. 172, at page 173.
The liability of the husband for the support and maintenance of his wife is clear, and this is to be in keeping with his financial situation. Com. ex rel. Hirst v. Hirst, 113 Pa. Super. 159,163, 172 A. 160. The items of expenditure listed in the wife's account and allowed by the court in banc as proper, fell apparently within the category of items necessary for her support and maintenance. In so far as the question of the propriety of these items as necessaries was one of fact, we accept the determination of the court in banc. The court concluded that "the joint fund in this case was not withdrawn by the defendant for any fraudulent or improper purpose, but for the purpose of providing for the cost of her maintenance." Consequently, appellant has no basis to complain that he was awarded only one-half of the remainder of the fund, or $203.85, with interest from March 28, 1946, the date of the withdrawal.
Proceedings of this character between husband and wife may be brought in equity. Burke v. Burke, 307 Pa. 518, 521,162 A. 199; Berhalter v. Berhalter, supra, 315 Pa. 225, 173 A. 172;Werle v. Werle, supra, 332 Pa. 49, 1 A.2d 244.[3] However, neither husband nor wife can *Page 13 
sever or destroy a true estate by the entirety. Milano v.Fayette Title Trust Co., 96 Pa. Super. 310, 314;Gallagher Estate, 352 Pa. 476, 478, 43 A.2d 132. But either spouse may withdraw the funds in a bank account held by entireties, where such right has been reserved, although such "`power must be exercised in good faith for the mutual benefit of both . . .'": Runco v. Ostroski, supra, 361 Pa. 593, 596,65 A.2d 399, 401. The power that each gives the other at the time of the estate's creation to act for the other is an incident of such estate by the entirety. Madden v. Gosztonyi Savings andTrust Co., supra, 331 Pa. 476, 487, 200 A. 624. In the present case, the fund, as said by the court below, was expended for domestic and family purposes, the support and maintenance of the wife, and, therefore, in law, for the husband's benefit as well as the wife's.
Decree is affirmed, at cost of appellant.
[1] "(a) Plaintiff requests the court to declare the defendant as Trustee of the fund withdrawn by defendant.
"(b) That the court declare the funds to be a tenancy by entireties in accordance with the opinion of November 22, 1947.
"(c) That the defendant be ordered to pay over to plaintiff one-half of the said fund forthwith.
"(d) And such other relief as the court may deem proper."
[2] See Belmont Laboratories, Inc., v. Heist, 300 Pa. 542, 548,151 A. 15; Thorndell v. Munn, 298 Pa. 1, 5, 147 A. 848.
[3] Compare Wakefield v. Wakefield, 149 Pa. Super. 9,25 A.2d 841, where a bill in equity by the wife for an accounting of rents by her husband from real estate held by them as tenants by entireties was dismissed. The husband collected the rents; there was no allegation of fraud. It was held that it made no difference which of the parties obtained the rents, that they were for the benefit of both of them, and that under the circumstances neither could require an accounting by the other of such rents during the marital period. See, also, O'Malley v.O'Malley, 272 Pa. 528, 533, 116 A. 500; Gasner v. Pierce,286 Pa. 529, 533, 134 A. 494; Stimson v. Stimson, 346 Pa. 68, 73,29 A.2d 679; Weiner v. Weiner, 68 Pa. D. C. 51.