## Scardino v. Scardino et al.

*Louis DiGiovanni*, for complainant.

*A. Benjamin Scirica*, for respondents.

FORREST, J., October 14, 1949.—This matter comes before the court on a bill and answer raising preliminary objection predicated on the contention that the bill does not set forth a cause of action. In the bill, it is alleged that plaintiff is the wife of defendant, Scardino; that the other defendants are the mortgagors of a certain mortgage; that wife-plaintiff and husband-

defendant are owners of this mortgage as tenants by the entireties; that the interest on the mortgage was paid to A. Benjamin Scirica, the attorney for defendants, and that Frank Scardino, defendant, instructed A. Benjamin Scirica, his attorney, not to pay any part of the interest to plaintiff. On the basis of these facts, plaintiff contends that the conclusion of law is that Frank Scardino, by his actions, has made an offer to end the tenancy by the entireties in the mortgage and prays that the court declare that the mortgage be held by plaintiff-wife and defendant-husband, as tenants in common.

In short, plaintiff is asking that the mortgage be reformed on the ground that defendant-husband has made an offer to destroy the tenancy by his demand that no part of the interest should be paid to her. We have been shown no authority to sustain this conclusion.

Although the mortgage did not mention that the husband and wife held the mortgage as tenants by the entireties, they were jointly made the mortgagees and in such case a descriptive holding is not necessary to create a tenancy by the entireties. See Bramberry's Estate, 156 Pa. 628, 633:

"Prima facie the conveyance of the land in 1865 to H. James Bramberry and Rachel A. Bramberry, they being at the time husband and wife, vested in them an estate by entireties and when on the sale of the land in 1890 they accepted from their vendee his bond and mortgage to secure to them a portion of the purchase money, they held the sum so secured not as joint tenants or tenants in common but as tenants by the entirety: Freeman on Cotenancy and Partition, sec. 68, and cases cited."

Also Madden et al. v. Gosztonyi Savings & Trust Co., 331 Pa. 476, 484:

"and the presumption remains that where property is held in the names of husband and wife they hold it by entireties and not as ordinary joint tenants or as tenants in common."

As a result, we have a tenancy by the entireties holding of this mortgage by wife-plaintiff and husband-defendant. Now plaintiff seeks to have this court change this holding into one where the husband and wife are tenants in common. The authorities cited are Berhalter v. Berhalter, 315 Pa. 225 (1934), and cases following that decision. There the wife had appropriated part of the fund held as tenants by the entireties, which action was held by the court to be "tantamount to an offer to her husband to destroy the estate entirely" which enabled him to sue. That is not the case here. There has been no interference with the mortgage itself and so far as the interest is concerned, defendant-husband has not tried to destroy the estate but according to the allegations of plaintiff, is preserving the fund by refusing to allow it to be divided.

An estate by the entireties cannot be destroyed by one tenant without the consent of the other (Berhalter v. Berhalter et al., 315 Pa. 225), and there is no authority indicated which would empower the court to do so on the application of one party.

It appearing that plaintiff has pleaded her case as well as the facts will permit, and that there is no cause of action stated, the allowance of amendment will serve no useful purpose, the bill should be dismissed.

### Decree

And now, October 14, 1949, it is ordered, adjudged and decreed that:

The bill is dismissed. The costs are to be paid by plaintiff.

Notice to be given by the prothonotary, as required by the Rules of Equity practice, that unless exceptions shall be filed within 10 days from this date, the decree nisi shall become the final decree as of course.