## Tyson v. Tyson

*Sager & Sager*, for plaintiff.
*Reilly & Fogwell*, for defendant.

KURTZ, *P. J.*, March 12, 1974—Plaintiff in this action, who is the wife of defendant, filed her complaint in equity in October of 1972, alleging that she and her husband were the owners as tenants by the entireties of a certain checking account at the Continental Bank, and that on or about March 21, 1972, the husband withdrew the funds from that account and appropriated those funds to his own use and benefit. She sought an accounting from the husband as well as a partition of the fund.

In due course defendant filed an answer to plaintiff's complaint with new matter. The answer admitted the husband's withdrawal of the funds but denied her entitlement to any share of them. Under the heading of new matter defendant averred that the fund in question was a business account and as such was the property of the husband only. By way of counterclaim, he averred that the parties also owned a savings account as tenants by the entireties at the same bank, and that in mid-March 1972 the wife had withdrawn the funds from that account, converting them to her use. He averred also that they were the joint owners of two tracts of real estate as well as an automobile, and asserted that the wife had taken exclusive possession of the real estate to the husband's detriment, as a result of which he sought the partition of those tracts. He offered to partition the automobile and sought a decree to that effect in this action.

Plaintiff's reply to defendant's new matter asserted that the wife had used the funds from the savings account for her own maintenance and for the maintenance of the family. In her answer to the counterclaim, she sought the dismissal of that claim, averring that the husband had not been excluded from the enjoyment of those premises.

The matter came on for hearing before Honorable Ralph W. Kent on February 20, 1973. Judge Kent's term of office expired on the first Monday of January 1974, at which time an adjudication had not been filed. Thereafter, the matter was assigned to the writer of this adjudication who contacted counsel and, upon the request of defense counsel, fixed an argument on said matter for February 25, 1974. That argument had to be postponed due to the inclement weather which prevailed on that date, as

a result of which argument was heard on March 4, 1974.

Plaintiff contends that she is entitled to have the checking account originally sued upon partitioned and that our inquiry in this case should not involve property other than that account. Defendant contends that since he has shown that entireties' properties have been invaded by one or the other of the spouses that either party is entitled to have all such property presently owned by the parties partitioned. He seeks a decree to that effect.

In order for us to properly evaluate these contentions we will find facts as follows.

## FINDINGS OF FACT

1. The parties to this action are husband and wife, having been married May 14, 1949. During the year 1961, they opened a joint checking account from which each possessed the right to withdraw funds. The funds on deposit in that account were derived from the husband's business and were used in the operation of that business. In addition, the wife, who acted as the husband's bookkeeper from time to time, withdrew funds regularly from that account for use in the operation and maintenance of their home and family.

2. On or about March 21, 1972, the husband withdrew $5,000. from that account, and thereafter on April 14, 1972, withdrew the balance of $390.44. The funds thus obtained by the husband were used in his business.

3. At some time not definitely indicated by the record, plaintiff and defendant opened a joint savings account at the same bank. In March or April of 1972, at or about the time when the husband removed from the parties' domicile, the wife with-

drew $1,100., representing all of the money then on deposit in that account. This money was thereafter deposited in an account opened by the wife only and from it she made withdrawals for the maintenance of herself and her son and for the employment of counsel in connection with these proceedings and a divorce proceeding pending between the parties.

4. In 1951 the parties purchased a lot of land designated 79 Hill Church Road, Spring City, Pa., their ownership being as tenants by the entireties. Thereafter, a house was constructed upon that land which was occupied by the parties until the husband removed therefrom on or about March 9, 1972. The wife and the parties' teen-age son have continued to reside upon that property without paying rent therefor.

5. In late 1971 or early 1972 plaintiff and defendant purchased an apartment house at 173 Broad Street, Spring City, Pa. This property consists of three rental units. Since the separation of the parties, the wife has collected the rentals from these units and has deposited the funds thus obtained in a separate account from which she has made mortgage payments and paid taxes, utility charges and other like expenses, with the result that, as of the date of the hearing, there was a balance of approximately $300. in that account. From time to time the husband does repair and maintenance work on this property without being paid therefor in cash.

6. The parties are also the joint owners of a 1967 Dodge Charger automobile. This automobile has a value of about $1,200., and is presently in the control of the husband, who obtained it sometime in the fall of 1972 by taking it from the wife, who had been using it theretofore.

7. Upon the separation of the parties, the husband paid to the wife the sum of $40. per week for a period of about two months, after which the husband stopped making any payments to the wife for approximately six weeks. Thereafter the husband resumed payments for the benefit of his wife and son at the rate of $85. per week, under the direction of a court order which the wife obtained, which order is still in effect.

## DISCUSSION

As we have indicated above, the principal issue raised by these parties calls for a decision as to whether all of their jointly-owned property, both real and personal, tangible and intangible, or only a part thereof—their bank accounts—are to be partitioned in this proceeding. Defendant, who contends for complete partition, relies upon the case of Shapiro v. Shapiro, 424 Pa. 120 (1966), as the authority which requires that result. Particularly he relies upon the following quotations from the opinion of the court in that case appearing at pages 137 and 138 respectively: ". . . where husband and wife are separated but not divorced and where one of them is excluded from the exercise or enjoyment of rights inherent in an estate held by the entireties, an accounting of the property so held may be ordered and the property or proceeds divided equally between them." Also: "Even if the wife had established abuse by the husband to only one of the entireties' properties she still would be entitled to a partition of the several properties. She need not wait till [sic] all of the properties be dissipated: Watkins v. Watkins, 393 Pa. 284, 286, 142 A. 2d 6 (1958)."

On the other hand, plaintiff would limit our de-

termination to the partitioning of the jointly-owned checking account and/or the jointly-owned savings account, pointing out that the fictional doctrine that a substantial withdrawal from such an account by one spouse for his own purposes constitutes an offer to partition which the other spouse accepts by instituting such a proceeding had its origin in cases involving only personal property, and that its application to a case such as this, in which both real and personal property are involved, is impracticable. In that regard she points to the Supreme Court's decisions in Watkins v. Watkins, supra, and Berhalter v. Berhalter, 315 Pa. 225 (1934), as examples of the application of that rule in cases involving joint bank accounts.

Although it would seem that the Shapiro rules are broad enough to include the situation now before us, we believe that that case can be distinguished from this one because of its unusual facts. In that case a receiver was appointed to take charge of the various properties which were there the subject of dispute until further order of the court. That controversy included only one item of real property, the Felton property, as to which the husband had prevented the wife from receiving the rentals it produced and had failed to account to her for those rentals. In affirming the appointment of the receiver, the Supreme Court pointed out that it could not say that the chancellor erred in making that appointment in view of the need for an accounting which would show exactly what was due to each of the parties with regard to their jointly-owned assets. The court also indicated that by bringing that action as to that piece of real estate the wife had accepted the husband's offer to partition, thereby

agreeing to the destruction of the entireties' estate by which title to it was held.

In the instant case, the wife accepted the husband's offer to divide the joint checking account by bringing this action. The husband accepted the wife's offer to partition the savings account by filing a counter claim. There has been no offer to partition either parcel of real estate since there has been no exclusion of the husband from the enjoyment of that property; neither have the rentals which one of them produces been dissipated. The wife, as a tenant by the entireties, possesses an ownership interest in the whole of each of those tracts. The husband has a like interest therein but has not seen fit to exercise that right as to either property. These circumstances were not present in Shapiro.

We would also point out that the procedural requirements for obtaining a decree of partition as to the real estate have not been observed by this defendant. Although Pa. R.C.P. 1556, which pertains only to the partition of realty, provides that a defendant may counter-claim for any property which plaintiff might have included in the complaint, Pa. R.C.P. 1554, requires that the pleadings include a description of the real property. Here the wife could not have sought to have the realty partitioned because she had not been excluded from those properties. Defendant has not included a description of that realty in his pleading. It is true that no objection to that lack of compliance has been made by plaintiff. However, in the light of that omission and because the procedures pertaining to realty partition are more complicated and involved than those dealing with the bank accounts and like property,

we do not believe that they should be combined in this action.

The automobile falls into a different category. At this time it is in the exclusive control of the husband, who took it away from the wife without resorting to legal action to obtain it. As to it, the wife was the party who has been wronged. She does not seek to redress that wrong in this action. Because he has possession of the automobile the husband is not in a position to invoke our aid. Accordingly, no relief will be granted as to that item of property.

## CONCLUSIONS OF LAW

1. Defendant is entitled to equitable relief in this action in the form of partition of the joint checking account which the parties owned as tenants by the entireties with Continental Bank.

2. Defendant is entitled to equitable relief in this action in the form of partition of the joint savings account which the parties owned as tenants by the entireties at the same bank.

3. Defendant is not entitled to equitable relief in this action for the partition of the jointly-owned real estate, or of the 1967 Dodge Charger automobile.

## DECREE NISI

And now, March 12, 1974, partition of the jointly-owned checking account and the jointly-owned savings account owned by the parties at the Continental Bank is hereby directed, and to that end defendant is directed to pay to plaintiff the sum of $3,245.22; a judgment in that amount in favor of plaintiff and against defendant is hereby directed to be entered. Equitable relief directing the partition of the two parcels of real estate owned by the parties, i.e., 79 Hill Church Road, Spring City, Pa., and

173 Broad Street, Spring City, Pa., as well as the 1967 Dodge Charger automobile is hereby refused without prejudice, however, to the rights of either party to have said assets partitioned in another appropriate proceeding brought for that purpose.