## Sadowski Estate v. Sadowski

*Bernard S. Shire, David R. Gold,* for plaintiff.
*Ernest P. DeHaas, III; Ralph C. Christensen,* for defendant.

ADAMS, *J.,* December 28, 1982—The matter before the court en banc is the motion of William B. Sadowski (hereinafter called defendant) for judge-

ment on the pleadings in an action for partition and accounting brought by Anna M. Sadowski, his wife, (hereinafter called decedent), who died after filing the action but before adjudication by the court.

Defendant contends that the action abated upon the death of decedent.

For the reasons discussed herein, it is the court's opinion that the action did abate and therefore defendant's motion for judgment on the pleadings is granted.

In considering a motion for judgment on the pleadings filed by a defendant, the court must accept as true plaintiff's well-pleaded facts and the well-pleaded facts contained in defendant's new matter not put in issue by plaintiff, and enter judgment only where the matter is clear and free from doubt.

A summary of the pertinent facts is as follows:

Decedent filed an action for partition and accounting alleging that defendant wrongfully appropriated certain properties held by the entireties. Prior to the court hearing evidence on the alleged wrongful appropriation, decedent died. Following her death, her executrix was substituted as plaintiff in the action.

## DISCUSSION

Where property is held by the entireties, neither spouse may unilaterally destroy the tenancy so long as the parties remain husband and wife. The tenants by the entireties can, by mutual agreement, terminate the tenancy—the one instance being an actual agreement with mutual consent of both spouses, and the other situation where the court has created a fictional offer to terminate by implication where one spouse has misappropriated the tenancy

by the entireties property to the detriment of the other spouse, and a fictional acceptance of the offer to terminate by the filing of an action for partition which is obviously not by mutual consent. See, e.g., Berhalter v. Berhalter, 315 Pa. 225, 173 A.2d 172 (1934); Vento v. Vento, 256 Pa. Super. 91, 389 A.2d 615 (1978). This legal fiction developed because the severe restrictions on alienation presented serious problems to spouses that were separated. See, e.g. Fascione v. Fascione, 272 Pa. Super. 530, 416 A.2d 1023 (1979). The court remedied the problem by creating a legal fiction that was basically articulated in Stemniski v. Stemniski, 403 Pa. 38, 42, 169 A.2d 51, 53 (1961):

"A violation of the rules (governing entireties property) by one spouse appropriating the property to his own use works a revocation of the estate by the fiction of the (wrongful) appropriation being an offer of an agreement to destroy the estate and an acceptance of that offer when the other spouse starts suit; and the property is then fit for accounting and division." The mere filing of a partition action by alleging wronged spouse does not effect a termination of an estate by the entireties. Before the tenancy by the entireties can be destroyed under the "doctrine," there must be both a legal fictional offer and a legal fictional acceptance. The mere allegation of the "offer" does not effect a severance, and it is only where there has been an adjudication of misappropriation that the tenancy is destroyed.

In the instant case there has been no adjudication of the allegations in the complaint to determine whether there had been wrongful appropriation, and therefore a fictional offer to terminate the tenancy. However, the executrix of the estate maintains that the estate should have the opportunity to establish proof of the offer and acceptance at trial,

contending that the mere filing of the action of the decedent is sufficient to prevent the action from abating. We decline to promulgate such an extension of the fictional doctrine of offer and acceptance.

Although this court and counsel for the parties have been unable to find any cases dealing directly with this issue, the Pennsylvania Supreme Court has ruled that a joint tenancy with the right of survivorship may be unilaterally destroyed by certain actions by one of the joint tenants. However, even though a joint tenant may unilaterally destroy the joint tenancy by his action, where he elects to file an action in partition to destroy the joint tenancy, the filing is of no effect. It is only where there is a judicial adjudication of partition that the joint tenancy is destroyed, and if a death occurs before adjudication, the action abates and the deceased joint tenant's interest passes to the surviving joint tenant. Sheridan v. Lucey, 395 Pa. 306, 149 A.2d 444 (1959).

Applying the rationale of this case to the present case, since the tenancy by the entireties cannot be destroyed by unilateral actions, the mere filing of the action alleging the fictional offer and acceptance cannot be held to have terminated the tenancy by the entireties. It is only the adjudication of the fictional offer and acceptance that can cause such a result. Since the tenancy by the entireties has not been destroyed prior to the death of one of the spouses, the interest in the entireties' property passes solely to the survivor.

Wherefore, the court enters the following

### ORDER

And now, this December 28, 1982, the motion for judgment on the pleadings is granted. The action is dismissed with prejudice.